RAY
v.
ROE.

RAY and Another *v.* ROE, on the Demise of BROWN.

The pendency of an action of slander does not, of itself, render the defendant's sale and conveyance of real estate void as to the plaintiff; though a judgment be afterwards recovered against the defendant, and he have no other property to satisfy the debt.

The pendency of an action is constructive notice of the matter involved in that suit; and a purchaser of the property which is the immediate object of the pending action will be affected by it, as a purchaser with notice.

*Thursday,
May 21.*

ERROR to the *Union* Circuit Court.—Ejectment by *Roe*, on the demise of *Brown*, against *W. Ray* and *D. Ray*. Plea, not guilty. Verdict and judgment for the plaintiff.

SCOTT, J.—This was an action of ejectment in the *Union* Circuit Court. We have no information by what kind of title the lands in controversy were claimed by either party. The only point referred to our adjudication, is the correctness of the charge given by the Court to the jury. The Court instructed the jury, that a transfer of property, made by a defendant during the pendency of an action of slander against him, and before the rendition of judgment, is of itself fraudulent; unless it be made in performance of a prior contract, or in payment of a precedent *bona fide* debt: that all purchasers are bound to take notice of the pendency of said suit: and that if a purchase be made during the pendency of such action, whether with or without consideration, it is considered fraudulent in law as to the judgment plaintiff; unless there is other property sufficient to satisfy the judgment. To this instruction the defendants except.

On the broad ground that fraud vitiates all contracts, a conveyance made with design to avoid the payment of a just debt, or to defeat the recovery of a pre-existing right, is void as it respects creditors; and the pendency of a suit is one of the many badges of fraud, which would induce a Court of equity to set aside such conveyance, or a jury to regard it as a nullity, in a trial at law. The pendency of an action is constructive notice of the matter involved in that suit, and a purchaser of the property which is the immediate object of the pending action will be affected by it, as a purchaser with notice. But a *lis pendens* is not even constructive notice of any other points than

those which are in dispute between the parties to such action. 3 Atk. 392.—Newl. on Con. 506, 507.  So much, then, of the instruction as states that a transfer of property, made during the pendency of an action of slander, is of itself fraudulent, whether with or without consideration; and that all persons are bound to take notice of the pendency of such action, in the unqualified manner there expressed; is unsupported by authority.  Not having the evidence before us, we cannot say how far these instructions might tend to influence the verdict; but there is reason to presume that the jury might have been misled by them.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs.  Cause remanded, &c.

*Smith,* for the plaintiffs.

*M'Kinney, Morris,* and *Perry,* for the defendant.