## CAMP v. FORREST AND ANOTHER.

1. The judgment in an action of trespass to try title, has no greater effect, as a bar to another action for the same land, than a *judgment* in ejectment.

2. A sale of land by one in possession, is not void at common law, because an action is then pending for the land against the vendor.

Writ of Error to the Circuit Court of Jefferson. Before the Hon. J. D. Phelan.

THIS was an action of trespass to try titles to a lot situated in the town of Elyton. The cause was tried on the plea of "not guilty," a verdict returned for the defendants, and judgment rendered accordingly. From a bill of exceptions sealed at the plaintiff's instance, it appears that the premises were sold by the sheriff of Jefferson, on the first Monday in June, 1840, under an execution issued on a judgment against Jonathan Steele—at that sale Jonathan B. Badger became the purchaser, and received the sheriff's deed. Plaintiff then introduced and proved a deed from Badger to himself.

Defendant admitted he was in possession of the premises when this action was instituted, and that the rent was worth $75 per year. The defendants then introduced a judgment against Messrs. Steele & Adkins, recovered in the district court of the United States at Tuscaloosa, on the 1st of December, 1840, and execution issued thereon, and a deed by the marshal to the defendant, Thomas M. Lyon, dated the 10th August—Lyon having purchased at a sale by the marshal under that execution. Defendant then offered the record of a former trial, wherein Lyon was plaintiff and Badger was defendant, (see case reported 7 Ala. Rep. 564,) which it was admitted was for the premises in question.

Plaintiff then proved, that on the trial of the case referred to, Badger did not offer to show any title in himself, or any one else ; but the suit went off under the plea of not guilty,

as stated in the bill of exceptions, which was then sealed. The deed from Badger to the plaintiff was made some considerable time after the commencement of the suit of Lyon against Badger.

The court charged the jury, that the pendency of the suit of Lyon against Badger, at the time the deed from Badger to plaintiff was made, and the recovery as aforesaid in that action, was sufficient to bar and defeat the present action.

T. D. CLARKE and W. S. EARNEST, for the plaintiff in error, contended—1. Two things must concur to make a judgment in one suit a bar to the presecution of a second : First, that the question was within the issue in the first suit.   Second, that the same matter was actually submitted to, and passed upon by the jury in the first suit.   And parol evidence is admissible to show, that the matters sought to be litigated in the second suit were not actually passed upon in the first. Sedden v. Tutop, 6 Term, 607, (3 Dur. & E. 608;) McGauren v. Patterson, 6 Serg. & R. 278; Snider v. Croy, 2 Johns. 227; Phillips v. Bevick, 16 Ib. 136; Davidson v. Shipman, 6 Ala. R. 27; Rake's adm'r v. Pope, 7 Ib. 161; Burt v. Sternberg, 4 Cow. 559; Ravee v. Farmer, 2 Black's Rep. 827; Lawrence v. Hunt, 10 Wen. 80; Le Guen v. Governeur, 1 Johns. C. 436; Henderson v. Keener, 1 Rich. Rep. 474; 8 Pick. Rep. 118.

2. If a defendant, having the means of defence, but neglect to use them, he is precluded—except the case of ejectment in which the defendant neglecting to bring forward his title, is not precluded by the recovery against him, from availing himself of it in a new suit.   Kent, J., in Le Guen v. Gouverneur, 1 Johns. C. 436, at page 502; Clerk v. Rowell, 1 Mod. R. 10 ; Adams's Eject. 294, 315.   And the same law applies to this action.   Clay's Dig. 320, § 44; The Ltate, et ux. v. Nabors, 7 Ala. Rep. 459; Sturdevant v. Murrell, 8 Por. 317.

In this case, Badger's title (now Camp's) was not in the first suit, in any way submitted to the court or jury, or passed upon by either.   He offered no title or evidence in the first suit.   See bill of exceptions in Badger v. Lyon, 7 Ala. Rep. 564, and bill of exceptions in this case.

3. Badger held the superior title to the freehold, coupled with actual possession, at the time of the sale to Camp. See bills of exception in the two cases. He therefore might properly and lawfully sell to Camp, and Camp acquired the same title Lyon had.

No rule of law as to adverse possession—sale of chose in action—applies to this case, or makes the conveyance void. It is the case of one holding the actual possession, selling a good title, while another, who has no title as against the vendor, chooses to prosecute a suit against him.

As to what will make the conveyance void—Brown v. Lipscomb, 9 Porter, 472 ; Goodwin v. Lloyd, 8 Ib. 237.


E. W. PECK, for the defendant in error.

1. This action is expressly made by the statute, an action to try titles—to try the titles not of the plaintiff only, but of the defendant also—and the judgment must necessarily be conclusive upon the parties, as to titles upon which judgment is actually given, and also upon the titles then in the parties respectively, and properly determinable. True, if the plaintiff should fail because no trespass, or in other words, no ouster was proved, or because the defendant was legally possessed of an unexpired term, and the title of the plaintiff was a remainder, in such cases, and others of a like character, the judgment would not be conclusive ; but these exemptions cannot affect the general rule. It would be repugnant to every principle of justice and public policy, to permit a party to withhold his title, and refuse to give it in evidence, and thus to avoid the conclusive effect of the judgment.— Kent v. Kent. 2 Mass. 338, 347, 355; Adams v. Burns, 17 Mass. 365; Cummings, et al. v. McGehee, 9 Porter, 351; Adams on Ejectment, by Tillinghast, 315, 316, and the notes there referred to.

Again, in the case of Pollard v. Reynolds, et al. 6 Munf. 433, it is said that a judgment in ejectment is no bar, though for the same land, and between the same defendant and lessors of the plaintiff—the fictitious plaintiff not being the same—and Mr. Adams, in the page first above referred to, gives the same reason why, in the action of ejectment the judgment is not conclusive, but the same reason does not ex-

ist in the action of trespass to try titles under our statute, because the fictions in this action are abolished.

So in the case of Bradford v. Bradford, 5 Conn. 127, it is said a former judgment in ejectment against a tenant in possession creates no estoppel to a title since acquired by him from one who was no party or privy to such judgment. This case shows, that as to the title which the tenant then had, the judgment was final; and also, that the title newly acquired, must be from one who was not a party or privy to the first judgment. I therefore insist, that in this case the judgment of Lyon, the defendant's landlord, against Badger, the plaintiff's vendor, on the evidence disclosed in the bill of exceptions, was, in the language of the charge, "sufficient to bar and defeat the plaintiff's action."

2. The purchase of the premises by the plaintiff, of Badger, during the pendency of the action of Lyon, the plaintiff's landlord, against him, for the same premises, was void on the doctrine of *lis pendens*, and also, because it was a purchase in violation of public policy. Murray and Winter v. Ballace and Hunt, 1 Johns. Ch. Rep. 567, 577; 2 Kin. Law Com. 131-2; Doe ex dem. v. McGee, 8 Ala. Rep. 566, 572; Jackson ex. dem. Hendrix v. Andrews, et al. 7 Wend. 152; Jackson ex dem. Bryant v. Ketchum, et al., 8 Johns. Rep. 374, ma. 479; Parks v. Jackson ex dem. Hendrix, 11 Wend. 442.

COLLIER, C. J.—It is said that a judgment in ejectment confers no title upon the party in whose favor it is given; and that it is not evidence in a subsequent action, even between the same parties. The judgment therefore can never be final; and it is always in the power of the party failing, whether plaintiff or defendant, to bring a new action. Adams on Eject. 294, 315-16. One of the advantages, says Bacon, attending this action is, that a man may have a remedy *toties quoties*—being allowed to bring as many ejectments as he pleases. This has sometimes proved to be a great mischief, and courts of equity have interfered, after repeated trials and satisfactory determinations, by granting perpetual injunctions to prevent further litigation. 3 Bac. Ab. Tit. Eject. (I.) Bouv. ed. The structure of the record also renders it impossible

to plead a former recovery, in bar of a second ejectment; for the plaintiff in the suit is only a fictitious person, and as the demise, &c., may be laid many different ways, it never can be made appear, that the second ejectment is brought upon the same title as the first. Adams on Eject. *ut supra*. Although such may be the condition of the record, yet the inconclusiveness of the judgment does not rest on the *form* of the declaration and consequent proceedings, but upon the effect of the verdict and judgment. These entitle the lessor of the plaintiff to the possession of the lands, but do not give him any title thereto, except such as he previously had. If he had a freehold interest, he is in as a freeholder; and if he have no title, he is in as a trespasser, and liable to account for the profits to the legal owner. See Adams on Eject. and Bac. Ab. *ut supra*. These principles are unquestionably well founded at common law, and if in any of the States they are not recognized, it must be, because other rules have been introduced by legislation.

The question arises, are these principles applicable in the case before us. By the act of 1821, fictitious proceedings in the action of ejectment are abolished, and the action of trespass " as well to try titles as to recover damages," was introduced. It was further enacted, that " the laws now in force in relation to the action of ejectment, except as far as relates to fictitious proceedings therein, shall be applied to the action of trespass to try titles," &c. " If the plaintiff in the aforesaid action of trespass recover, he shall be entitled to an execution for possession, as well as for costs and damages." Clay's Dig. 320, § 43-4-5. The statute is explicit, that while the legal fictions in ejectment were abolished, all the laws applicable to that action should be applied to the substituted remedy. This declaration is too general and unlimited to authorize us to restrict it to what may transpire up to the rendition of the judgment in trespass, and to hold that the judgment itself is decisive of the question of title. No greater effect can be accorded to the judgment in the new action, than to the judgment in that which was superseded. The judgment must be regarded as much a part of the action as what precedes it, and can have no greater influence

Camp v. Forrest and another.

upon the parties' rights than if it had been rendered in an ejectment.

It is insisted that as the deed from Badger to the plaintiff was made pending the suit of Lyon against the former, that deed was void, and did not convey to the plaintiff the title of the grantor. Conceding that it is not allowable for one who is out of possession of real or personal property held by another under an adverse claim, to sell his right, so as to entitle the purchaser to maintain an action for its recovery, and yet we know of no rule of law operative in this State which inhibits a party in possession of land from investing another with his title, merely because an action is pending against him to recover the possession. The pendency of an action is constructive notice of the matter involved in that suit, and the purchase of the property which is the object of the pending action, will be affected by it, as a purchaser with notice. 2 Blackf. Rep. 258; 1 Rand. Rep. 114; 2 Id. 93; 5 Leigh's Rep. 627; 8 Ala. Rep. 570.

In Jackson v. Ketchum, 8 Johns. Rep. 479, B. purchased the lands in controversy of C. pending an action of ejectment against the latter for the recovery of their possession, and it was held that the deed was void under a statute of New York, "to prevent and punish champerty and maintenance." That enactment the court said, contains the substance of the English statutes of Westm. 1 ch. 25; Westm. 2 ch. 49, and 28 Edw. 1 ch. 11; and was almost a literal transcript of the last. The established doctrine under these statutes, it was added, is, that a purchase, or even a gift of the land while a suit is pending concerning it, if it be made with knowledge of the suit, and be not the consummation of a previous bargain, nor founded on the ties of blood, is within the purview of those statutes, and void, though not punishable under the act of 32 Hen. VIII. against selling pretended titles. In Parks v. Jackson, 11 Wend. Rep. 442, it is admitted that the effect of *lis pendens* upon conveyances of land operates harshly, and the rule is not without its exceptions, and it was said by *Mr. Senator Seward*, whose opinion was concurred in by the entire court of errors, excepting the chancellor, that he had not found "a solitary case in which the rule of *lis pendens* has been applied to a person who purchases by contract, and en-

ters into possession, and in part performs his contract *before suit commenced,* and then *pendente lite* without actual notice fulfils his contract and takes a deed for the land." We have seen no decision resting upon common law principles, which maintains that a sale and conveyance of land of which the vendor is in possession, is void merely because an action is pending against him for its recovery; and we are aware of no principle of policy in this country, where land is so abundant and easily obtained—where professional assistance is so accessible, and the rights of even the poorest so adequately protected, which would invalidate a transfer of land under such circumstances.

In Sessions, et al. v. Reynolds, 7 Smedes & M. Rep. 130, the court say there are no statutes on the subject of champerty in Mississippi; the English statutes of 32 Hen. VIII. ch. 9, on that subject, is not in force there: therefore to avoid a contract on the ground of champerty, the common law offence must be complete. To constitute that offence, it must not only be proved that there was adverse possession at the time of sale, but that the purchaser had knowledge of such adverse possession. We may add, that we find many cases in which the effect of *lis pendens,* to impart notice of the matter in controversy, is considered; but in none that has come under our observation has the pendency of a suit for land been held to take from the defendant in possession the right to sell it, in the absence of a statutory prohibition. Whether, therefore, the conveyance by Badger to the plaintiff was the result of a sale simultaneously made, or whether the contract had been entered into previous to the institution of the suit, the result must be the same.

It follows that the ruling of the circuit court cannot be supported; consequently, its judgment is reversed, and the cause remanded.