Ferrier v. Buzick et al.

FERRIER v. BUZICK et al.

In equity, where the allegations of the petition are not denied, they are to be taken as true.

The purchaser of property actually in litigation, though for a valuable consideration, and though he may have had no express or implied notice, in point of fact, is affected in the same manner as if he had such notice.

The party relying upon a pending action, as notice to a purchaser *pendente lite*, must show that he has been constant and continued in its prosecution.

*Appeal from the Polk District Court.*

FRIDAY, JUNE 19.

SPECIFIC PERFORMANCE. In September, 1854, complainant filed his bill against Buzick, the obligor in the bond, praying a conveyance, and asking an injunction to restrain

Ferrier v. Buzick et al.

the said defendant from selling the said property. This injunction was served on the 26th day of September, and in December of the same year, Buzick was served with notice of the pendency of said action. On the same day that the bill was filed, Buzick conveyed to his co-defendants, Scotts, which deed was not delivered until in May, 1855, and recorded June 23d, 1855. In that action, the equities were found in favor of complainant, and defendant appealed to this court. At the December term, 1855, said decree was reversed, the bill ordered to be dismissed without prejudice, and complainant had leave to proceed *de novo*.

This bill was filed June 13, 1856, the said Buzick and Scotts being made parties. The Scotts are charged with notice of petitioner's rights, and also of the outstanding bond from Buzick to Bostick—by Bostick assigned to Almond—and by Almond to petitioner. The answer of the Scotts denies all notice, and all knowledge of such outstanding bond. The cause was heard on bill, answer, replication, exhibits, and depositions, and a decree entered requiring the defendants to convey as prayed by the bill, and they now appeal.

*J. E. Jewett* and *J. A. Kasson*, for the appellant.

*W. W. Williamson*, for the appellee.

WRIGHT, C. J.—It is first objected that the proof is insufficient to show, that complainant is the holder of the bond given by Buzick to Bostick, or that he has such an interest in the property, as entitles him to a conveyance. No question is made as to the validity of the bond, nor as to the sufficiency of the assignment from Almond to complainant, but the objection goes to the assignment from Bostick to Almond. A sufficient and conclusive answer to this position, is, that the defendants nowhere in their answer, pretend to deny that complainant is the holder of the bond, nor his averment in his bill that it had been regularly assigned, and that he is now entitled to all the

rights which accrued to the obligor named in the bond. Buzick admits the making of the bond; that he had conveyed the premises to Scotts; and avers that he had tendered to the complainant the consideration money, with interest. The Scotts admit their purchase from Buzick; deny all notice of any outstanding equity in complainant, or other persons, and aver that they purchased in good faith. And thus we see, that the issues made by the answer in no manner questioned the fact stated in the bill, that complainant was the holder of the bond, by proper and sufficient transfers; but the defence is put upon other and distinct grounds.

Indeed, as to the defendant, Buzick, there is virtually no defence interposed, but the main, and we may say, the only substantial question in the case is, whether the Scotts were purchasers with notice. If they were, then complainant is entitled to a decree against them, as well as Buzick. If not, then under the prayer of the bill, and the pleadings, he is clearly entitled to a decree against Buzick for his damages. So that, as we view the case, complainant is entitled to relief; but whether he shall have the property, or compensation for the loss of it, is the real matter in issue.

The purchaser of property actually in litigation, *pendente lite*, though for a valuable consideration, and though he may have had no express or implied notice, in point of fact, is affected in the same manner as if he had such notice. This rule, though it may, in some cases, operate with hardship upon a purchaser, is one of general convenience, and is now well and firmly established. *Murray and another* v. *Ballou and another*, 1 Johns. Ch. 565; *Ray* v. *Roe*, 2 Blackf., 258; Story's Eq. Jur., sec. 405.

In this case, the property purchased by the Scotts, was actually in litigation between complainant and Buzick; it was the immediate object of an action which was pending; and unless there is some circumstance to take it out of the rule, it is clearly one of those cases, where the purchaser is bound by constructive notice of the matter in-

volved in such suit. It is claimed, however, that when the deed was made to the Scotts, there is nothing to show that an action was pending. The deed was executed on the same day that the first bill was filed, but which was prior in time, does not appear. The deed was not delivered, however, until long afterwards, to-wit: in May, 1855, as shown by the deposition of one of the Scotts, and as averred in the bill. At that time, the case of this complainant against Buzick, was still pending and undetermined. Whether the deed was delivered before or after the determination of the cause in the district court, does not appear, nor is it material. If before, it was an action pending for this property; if after, then, as there was a decree in favor of complainant, the position of the Scotts would be no better. If delivered after appeal to this court, they were bound thereby, for the property was still actually in litigation.

It is said, however, that the decree in this court was in favor of Buzick; that the Scotts then had their deed; and that the subsequent commencement of this action, could not have the effect of making them purchasers with notice. In other words, the position is, that when the first suit was terminated, that instant their title, as against complainant, was perfect, and that he must be turned over to his remedy against their co-defendant, Buzick. Previous to their purchase, the Scotts had no interest in this property, either legal or equitable. It is very evident that they purchased at the time that this litigation was either actually, or about to be commenced, and that they received their deed while the first action was pending, of which it was their duty to take notice. Under such circumstances, we are very clear that the subsequent action of this court, in dismissing the bill without prejudice, with leave to proceed *de novo*, cannot make valid their deed as against complainant. It is true, that in order to be notice to the purchaser, the action must have been duly prosecuted—by which, we understand is meant, that the party relying on the pending action as notice, must show that he has been constant and continuous

in its prosecution. In this instance, the action first commenced, was determined in this court, in April, 1856, (being as of the December term, 1855), the bill dismissed without prejudice, and leave given the complainant to proceed *de novo.* This he did at once, by filing the present bill. If the Scotts had purchased between the time of the termination of the first, and the commencement of this action, it might well be doubted whether they would not be purchasers with notice. Purchasing, and taking their deed at the time they did, we have no hesitation in saying, that they occupy no better position than they would, if the first decree had been affirmed in this court. Without quoting from the cases to sustain this position, we may cite the following: *Debell* v. *Foxworthy,* 9 B. Mon., 228; *Clay* v. *Marshall,* 4 Dana, 95; 11 Ves., 200; 1 Cases in Ch. 150.

But whatever doubt there might be as to this point in the case, we are satisfied that Scotts had actual notice of the claim set up by complainant to the property in controversy. It is proved by the sheriff who served the writ of injunction, that Buzick admitted that he had evaded him, and that he searched for him diligently on the day the writ was issued—being the day of the date of the deed to Scotts. It is charged in the bill, and not denied by the answer, that this deed was made at one o'clock at night. The deed was retained by Buzick for about nine months, and then for the first time delivered to Scotts. It is charged that the first suit was pending at the time the deed was made and received, and this is not denied. Under all these circumstances, (and there is no testimony on the part of the defendants), we are satisfied that the Scotts contrived with Buzick, to prevent complainant from obtaining his deed, and that they acted with actual notice of his equitable right to the property.

Decree affirmed.