HERRINGTON et al., Appellants, HERRINGTON et al., Respondents.

1. Where a father, being in failing circumstances, purchases land and causes the title to be vested in a third person in trust for his own children with a view to defraud his creditors, there will be a resulting trust to himself for the benefit of his creditors; this interest may be seized and sold on execution under a judgment against him in favor of one of those creditors.

2. Notice by *lis pendens* can exist only after service of process; nor would a purchaser *pendente lite* be affected by such a notice if the suit, during the pendency of which he made his purchase, should be afterwards abandoned.

## Appeal from Jefferson Circuit Court.

The object of this action is to obtain a decree of title to certain lands in Jefferson county. The plaintiffs are Isaac A. S. Herrington, who sues by his next friend, and his father Isaac Herrington. The defendants are John Herrington, James A. Beal and Bazile Hiney. The facts as they appear in the finding of the facts by the court are substantially as follows: Isaac Herrington purchased the land mentioned in the petition and caused the legal title to be vested in John Herrington with a view to defraud his creditors, of whom James A. Beal was one. John Herrington executed a title bond by which he agreed to convey said land to the two in-

fant children of said Isaac Herrington. One of said children has since deceased, leaving his brother and father his only heirs. Beal obtained a judgment for his debt, and caused all the interest of Isaac Herrington in said tract to be sold under an execution, and became the purchaser thereof at the sheriff's sale and received the sheriff's deed therefor. Beal also obtained a conveyance of the legal title from John Herrington. Beal conveyed said tract of land on the 21st of January, 1855, to Thomas C. Fletcher as trustee for Jefferson county, to secure certain indebtedness due to said county from said Beal. Said Fletcher, as trustee, sold and conveyed said land on the 16th of August, 1856, to Bazile Hiney. The court refused to grant the relief prayed on the ground, as stated in the finding, that the claim of plaintiffs was "tainted with fraud."

*Fletcher* and *Greene*, for appellants.

*Noell* and *Beal*, for respondents.

I. The transaction was fraudulent with respect to Isaac Herrington's creditors; they are entitled to the land. (12 Mo. 169; 14 Mo. 160; 15 Mo. 62; 16 Mo. 225; 17 Mo. 209; 18 Mo. 174, 299; 23 Mo. 579, 588, 168; 24 Mo. 282; 25 Mo. 329; 10 Mo. 303; 5 Mo. 296.)

RICHARDSON, Judge, delivered the opinion of the court.

Before and at the time the transcript of Beal's judgment was filed in the office of the clerk of the circuit court, Isaac Herrington was insolvent, and the land, being held by John Herrington fraudulently for the purpose of shielding it from Isaac's creditors, was subject to Beal's execution. The unrecorded title bond, by which John Herrington agreed to convey the land at a future day to Isaac's children, could not and did not defeat the judgment lien, and the sheriff's deed to Beal operated to convey the beneficial interest in the land. (Rankin v. Harper, 23 Mo. 579.) The deed of John Herrington to Beal did not certainly weaken the latter's title; for, if Beal had no notice of the title bond, the deed passed

the whole estate, and if he had notice, as the bond was fraudulent, he could stand on the sheriff's deed.

But Hiney represents all the title that passed by the sheriff's deed and the conveyance from John Herrington to Beal, and he is therefore the real defendant, who must be affected with notice of the plaintiffs' equities before they can recover in any aspect of the case. Hiney claimed the land as a purchaser under a deed of trust made by Beal to the trustee of Jefferson county, dated 21st June, 1855, and under a deed made by Beal to him for his equity of redemption, dated 16th November, 1855 ; and the only evidence to charge notice on him was the suit which the plaintiff had brought and dismissed against John Herrington and Beal. It appears that the petition in that suit was filed October 10th, 1855, on which the summons did not issue until the 21st of March, 1855, and was dismissed on the 29th May following. There was no proof that Hiney had actual notice, but it was sought to charge him as a purchaser *pendente lite*. Though the petition was filed in October, there was no *lis pendens* as to strangers until the process was served, which was several months afterwards. (Murray v. Ballou, 1 John. Ch. 576; Lyle v. Bradford, 7 Mon. 116 ; 2 Sug. on Vend. 544.) And that suit having been discontinued, it did not affect Hiney in this suit, for the policy, on which the doctrine of *lis pendens* is founded, is to give full effect to the judgment which might be rendered in the suit depending at the time of the purchase; and the pendency of a suit at the time of purchase, which is subsequently dismissed, will not affect the purchaser with notice in a new suit. (Newman v. Chapman, 2 Rand. 103 ; Watson v. Wilson, 2 Dana, 408.)

Judge Napton concurring, the judgment will be affirmed.