————O————

SMITH TURNER AND LUTHER T. COLLIER, Respondents, *vs.* JOSEPH BABB AND GEORGE W. DORMAN, Appellants.

1. *Equitable liens—Filing notice of lis pendens affects purchaser of land.*—The purchaser of land, after the filing of notice of a lawsuit affecting the title thereof, acquires only the rights of a purchaser *pendente lite*. Under a proper construction of the statute (Wagn. Stat., 905), the words "purchasers of incumbrances" should read "purchasers or incumbrancers."

2. *Lis pendens—Purchaser of property, when affected by decree, etc.*—A purchaser *pendente lite* of property actually in litigation, though for a valuable considera-

tion and without notice, express or implied in point of fact, will be bound by the decree affecting that property, which may be made against the person from whom he derives title.

3. *Lis pendens—Purchaser with notice affected although relief granted is not prayed for.*—A. brought suit to divest the title to a tract of land out of B. & C., and to vest the same in himself; but the decree of court vested the title in B., at the same time, however, giving judgment for a certain sum, and ordering a special execution against the land to satisfy it. *Held*, that a purchaser at the sheriff's sale would hold the title as against a grantee of B. with statutory notice of the litigation. The fact that the decree placed a lien, not asked for by plaintiff, on the land, did not invest B. and his grantee with the title discharged of the incumbrance. In such case, the grantee, *pendente lite*, is governed by the decree of the court notwithstanding that the relief granted is the result of compromise, and other than that called for by the pleadings.

## *Appeal from Livingston Circuit Court.*

*H. M. Pollard,* for Appellants.

I. A *lis pendens* is not even a constructive notice of any other points than those which are in dispute between the parties to the action. (See Ray vs. Roe, 2 Blackf., 258 ; 3 Ark., 392 ; Newl. Cont., 506, 507 ; also Murray vs. Ballon, 1 Johns. Ch., 571.)

*Turner & Collier,* for Respondents.

I. Appellants took their deed from McHolland with full notice, and are barred by the record and proceedings in the cause of Conger vs. McHolland. (See Wagn. Stat., ch. 88, § 1 ; Jones vs. Talbott, 9 Mo., 121 ; O'Reilly vs. Nicholson, 45 Mo., 166 ; Murray vs. Ballon, 1 Johns. Ch., 573 ; Harrington vs. Slade, 22 Barb., 166 ; Stern vs. O'Connell, 35 N. Y., 104 ; Hopkins vs. McLaren, 4 Cow., 678 ; Murray vs. Lilburn, 2 Johns. Ch., 441 ; Sears vs. Hyer, 1 Page, ch. 483 ; French vs. Shotwell, 5 Johns. Ch., 554 ; 2 Washb. Real Pr., 229 ; Freem. Judgm., 160, *et seq*, and authorities there cited.

HOUGH, Judge, delivered the opinion of the court.

This was an action of ejectment brought by the plaintiffs, Turner and Collier, in the Livingston Circuit Court, on the 18th day of July, 1873, against Joseph Babb, to recover the

possession of lot 5, block 22, in the town of Wheeling, county of Livingston, to which action George W. Dorman, under whom defendant, Babb, had possession, was, on motion, made a party defendant.

The petition was in the usual form, and the defendants pleaded the general issue. The cause was tried by the court without a jury.

It appears from the record, that in December, 1869, one Crayton H. Conger instituted a suit in the Common Pleas Court of Livingston county, against George Tiffany and David A. McHolland, for the purpose of vesting in said Conger the title to lot 5, block 22, in said town of Wheeling, which he alleged had been fraudulently conveyed to the defendant, McHolland, and was held by him in secret trust for the defendant, Tiffany, whose interest in the same, Conger had purchased at execution sale.

To this petition McHolland and Tiffany, on the 19th day of January, 1870, filed separate answers.

Afterwards, on the 20th day of December, 1869, said Conger instituted another suit in said Common Pleas Court, to which said McHolland and Tiffany were made parties defendant, together with one Josiah Hunt, for the purpose of vesting in said Conger, the title to lots 1 and 2, in block 9, in said town of Wheeling, which title Conger alleged, in his petition, was still in Hunt, though said Tiffany was in reality the owner of said lots, by means of a purchase made by McHolland for his benefit, and of which he was entitled to a conveyance, upon the payment of a balance, which Conger brought into court, to be paid over to said Hunt. Conger averred in his petition, that he had purchased all the right and interest of Tiffany to said lots, at execution sale. The only answer, shown by the record to have been made to this suit, was the separate answer of the defendant, McHolland, which was filed on the 24th day of January, 1870. The foregoing pleadings were read in evidence by the plaintiffs.

The following notice, shown, by the certificate of the recorder of deeds of Livingston county, to have been filed for

record, on the 20th day of December, 1869, and recorded on the 27th day of December, 1869, was also read in evidence by the plaintiffs.

Crayton Conger, Plaintiff,
           vs.
George Tiffany and
David A. McHolland, Defendants.

In the Common Pleas Court of Livingston County, Mo.
Jan. Term, 1869 (1870).

To whom it may concern : Take notice that the above entitled cause is pending in the Common Pleas Court of Livingston county, Missouri, wherein Crayton H. Conger is plaintiff and George Tiffany and David A. McHolland are defendants, and said cause is returnable to the January term, A. D., 1870, of said court, and the following described real estate, situate in said county of Livingston, and State of Missouri, to-wit: Lot five (5), in block twenty-two (22), in the town of Wheeling, is liable to be affected thereby.

       Signed             Crayton H. Conger, Plaintiff.
                           By Att'y, L. T. Collier.

These two suits by Conger, were transferred to the Livingston Circuit, and on the 8th day of June, 1872, the same having been compromised and settled, a decree was made in pursuance of said settlement, vesting the title to lots 1 and 2, in block 9, in the plaintiff, Conger, and the following decree was made as to lot 5. "It is therefore considered, ordered and adjudged, that the title of *plaintiff* to lot No. 5, in block 22, in the town of Wheeling, Livingston county, Missouri, be vested in defendant, David A. McHolland, pursuant to said agreement, and that the plaintiff herein have and recover vs. said Holland, out of said property, the sum of one hundred dollars, the amount to be paid to Luther T. Collier and Smith Turner, his attorneys, and the costs of this suit, together with the costs in the other suit pending in this court in favor of said plaintiff and against George Tiffany and David A. McHolland, to be levied by special execution against said property, in default of the payment of the same, at the expiration of 90 days from this date, and pursuant to said agreement.

The foregoing agreement and decree were read in evidence.

Plaintiffs then introduced a deed to them, for the lot in question, executed by the sheriff of Livingston county, duly acknowledged by him on the 11th day of June, 1873, which deed recited a sale of said lot to plaintiffs, regularly made on the 7th day of February, 1873, under a special execution, dated the 20th day of December, 1872, and issued under the foregoing decree. Plaintiffs introduced testimony as to the value of the rents and profits and rested.

Defendants then offered in evidence a warranty deed, to the defendant, Dorman, for said lot 5, from D. A. McHolland and wife bearing date the 1st day of February, 1870, which was acknowledged on the same day, and filed for record on the 2nd day of February, 1870, to the admission of which plaintiffs objected, for the reason that it bore date subsequent to the commencement of the suit of Conger vs. Tiffany and McHolland, and after the notice of *lis pendens* was filed. The court rejected the testimony and the defendants excepted. This was all the testimony introduced or offered, and the court, at the instance of the plaintiffs, declared the law as follows: " If the court finds from the evidence, that Mc-Holland made the deed to Dorman after the commencement of the suit of Conger vs. McHolland, for title to the property in question, and after due notice had been given and filed for record, in the recorder's office, of Livingston county, in which the property is situate, of the pendency of said suit for the recovery of the title thereto, then the said deed from McHolland to Dorman was taken by said Dorman with notice, and does not operate to pass the title to said property as against the plaintiff, holding said property under and by virtue of a sheriff's deed, founded upon a judgment rendered in said case of Conger vs. McHolland."

No instructions were asked by the defendants. There was a finding and judgment for the plaintiffs, and the defendants have brought the case here by appeal.

The instruction given for the plaintiffs was wholly inapplicable to the case made. The deed to which it refers was not

in evidence. The finding of the court, however, was right, on the testimony admitted, and must be sustained, unless there was error in excluding the deed from McHolland to Dorman, offered in evidence by the defendants.

There can be no question as to the service of process in this case, or as to the time of the appearance of the defendant, McHolland, to the suit of Conger. The notice read in evidence, charged the appellant with notice of the litigation affecting the title to the lot, from the date it was filed for record, regardless of the service of the process, or the appearance of McHolland in that suit, prior to the conveyance by him to appellant. The language of the statute as to the parties to be affected by such notices (Gen. Stat., 1865, p. 770) is "*purchasers of incumbrances;*" but that the legislature intended the language to be "*purchasers or incumbrancers*" is manifest from the language actually used in the enrolled bill, which is "*purchasers or encumbrances.*" The appellant, therefore, by buying the property after the date of the filing of the notice, acquired only the rights of a purchaser *pendente lite.*

It is unnecessary to cite authorities to sustain the general doctrine, that a purchaser *pendente lite,* of property actually in litigation, though for a valuable consideration, and without notice express, or implied, in point of fact, will be bound by the decree affecting that property, which may be made against the person from whom he derives title.

But it is contended, by the counsel for the appellant, that such purchaser is chargeable with notice only of the matters shown by the pleadings to be in dispute between the parties, and is not bound by any possible decree that may be made affecting the property in litigation; and that as the suit of Conger was for the purpose of divesting the defendants of all title to lot 5 and vesting it in himself, the moment the title was vested by the decree in the defendant, McHolland, the defendant in this action was invested therewith, under McHolland's warranty deed, discharged of the lien placed upon it, by the decree in that suit, as no such incumbrance was

sought to be established or enforced, by the plaintiff in the case.

In support of this position, counsel cite the case of Ray vs. Roe (2 Blackf., 258). It appears in that case, that the judge of the trial court, instructed the jury, that a transfer of property, made by a defendant, during the pendency of an action of slander against him and before the rendition of judgment, was of itself fraudulent, unless made in performance of a prior contract, or in payment of a precedent *bona fide* debt; that all purchasers are bound to take notice of the pendency of such suit, and that such transfer was fraudulent in law, unless there was other property sufficient to satisfy the judgment. In disapproving that charge, Scott, J., delivering the opinion of the court, says: " The pendency of an action is constructive notice of the matter involved in that suit, and a purchaser of this property, which is the immediate object of the pending action, will be affected by it as a purchaser with notice. But a *lis pendens* is not even constructive notice of any other points than those which are in dispute between the parties to such action ;" (citing 3 Atk., 392; Newl. Con., 506, 507.) Neither of the authorities cited are accessible to us here, but from references made to the case of Worsley vs. the Earl of Scarsborough (3 Atk., 392) in some of the authorities which we have examined, we are able to gather that the litigation was in equity, as to the right to certain money secured upon an estate, but not about the estate itself, and a purchaser of *the estate*, pending that suit, was held not to be affected by the result of that litigation.

In Kentucky it has been held, that where the ground for equitable relief stated in a bill was abandoned, as being untenable, and the bill was amended by setting up new equities and different and distinct grounds for relief, upon which the plaintiff prevailed, a purchaser, pending the litigation under the original petition, took subject to the result of that litigation only, and that a new *lis pendens* was created by the amendment, which did not relate back to the commencement of the action, so as to affect intervening rights. (Stone vs. Connelly, 1 Metc.,

Ky., 654; Jones vs. Lusk, 2 Metc. Ky., 358. See also Clarkson vs. Morgan, C. B. Monr., 441.)

In the case of Stoddard vs. Myers (8 Ohio, 203), it appears that one Britz recovered judgment against Wolf and filed a bill against him and his children, to subject a certain lot conveyed by him to his children, to the satisfaction of said judgment; but before decree, the judgment against Wolf was reversed, and when the cause was again tried, Britz again recovered judgment against Wolf, and thereafter filed a supplemental bill, alleging the recovery of the second judgment, and asked, as in the original bill, a sale of the lot for the satisfaction of the judgment. A sale was ordered, and plaintiff became the purchaser. After the filing of the original bill, and after the reversal of the judgment against Wolf, but before the filing of the supplemental bill, the property was purchased from the children by the grantor of the defendant, without any notice in fact of the claim to have the lot sold to satisfy the judgment. The court say : "The doctrine seems plain, that by the institution of a suit, the subject of litigation is placed beyond the power of the parties to it; that whilst the suit continues in court, it holds the property to respond to the final judgment or decree. This suit was instituted in 1831, was regularly continued until the final decree in 1835. The supplemental bill was engrafted in the original bill, and became identified with it. The whole was a *lis pendens* effectually preventing an intermediate alienation." This case was affirmed in 10 Ohio, St., 365.

The Supreme Court of Iowa has gone much further than this, in the same direction, in the case of Ferrier vs. Buzick, (6 Iowa, 258,) and further than this court has ever gone. (Herrington vs. Herrington, 27 Mo., 560.)

The foregoing are the most direct authorities, on the point presented, which we have been able to find; and while we incline to the opinion that the rule laid down by the Ohio courts is to be preferred to that which has been established in Kentucky, none of the cases, in our judgment, go far enough to relieve appellant of the character of a purchaser *pendente lite*,

and exempt his title from the operation of the decree render-
ed in the case of Conger vs. McHolland.

In the case of Ray vs. Roe, *supra,* it must be observed that
the property purchased was not directly involved in the suit.
There was no litigation as to it. The contract was as to other
matters and the language of the opinion must be considered
with reference to the facts of the case.

In the case under consideration here, there was no amended
or supplemental bill. The defendant purchased after answer
filed to the original bill, and the decree was rendered on the
original bill. Unless the decree itself be a nullity, we do not
see how the appellant can escape its operation. It is true the
petition did not ask the relief which was granted. The decree
was the result of a compromise, which the parties had a right
to make. Conger's rights had accrued and had been asserted
in court long prior to the conveyance by McHolland to the
appellant; the relation of litigants in court had already been
established between Conger and McHolland, and everything
done by them in good faith, in the conduct, management and
determination of that suit must stand. If the power to com-
promise in good faith, be denied to them, the power to con-
sent to any step in the cause, or proceeding at the trial, must
also be denied. The title to the lot was the subject matter of
the suit. That title was vested in McHolland with a condition
annexed. The same decree which gave the title, created the
charge, and the title vested subject to the charge. The ap-
pellant claims that this compromise decree should be held as
to him to be good only in part. He asks that it shall be held
valid to give McHolland the title; but invalid as to the con-
dition on which he received the title.

We cannot separate them. To do so, would work a fraud and
an injury. The compromise decree is good as between the
parties, and the appellant here must look to his covenants.

The doctrine of *lis pendens,* is not upheld so much on the
grounds of the publicity of legal proceedings, and a legal pre-
sumption of notice, arising from a supposition that people are
attentive to what passes in courts of justice, as has been some-

times stated, as it is, upon grounds of public policy and general convenience. Nor can it be claimed to be an equitable rule merely. Its existence and maintenance are necessary to any effectual administration of the law. Judge Richardson says, in Herrington vs. Herrington, (27 Mo., 560,) " The policy on which the doctrine of *lis pendens* is founded, is to give full effect to the judgment which might be rendered in the suit depending at the time of purchase."

Sir William Grant said in the case of the Bishop of Winchester vs. Paine, 11 Vesey, Jr.: " The litigating parties are exempted from taking any notice of a title so acquired, as to them it is as if no such title existed. Otherwise suits would be indeterminable ; or—which would be the same in effect—it would be in the pleasure of one party, at what period the suit should be determined." (See also O'Reilly vs. Nicholson, 45 Mo., 160.)

Conger and McHolland were at perfect liberty to dispose of their suit, regardless of the conveyance made by the latter. If the compromise and decree were fraudulent as to the appellant, he could have doubtless found relief in a proper proceeding at the proper time. But there is no intimation of any such thing.

The Circuit Court committed no error in excluding the deed, and the judgment will accordingly be affirmed ; all the judges concur.