[Carlisle v. Killebrew.]
plant and works of the Bienville Water Supply Company, or of its profit-yielding capacity.

There is no error in the record, and the judgment of the Circuit Court must be affirmed.

## Carlisle *v.* Killebrew.

*Statutory Detinue for Severed Crops.*

1. *Judgment in ejectment; growing crops.*—At common law, crops growing on the land at the time of a recovery in ejectment, were regarded as part and parcel of the realty, and passed to the plaintiff; but, by statutory provision (Code, §§ 2712-13), a writ of possession may be stayed until the crop is gathered, on giving bond with sureties to secure the payment of the rent.

2. *Same; evidence in another suit.*—A judgment in ejectment for lands on which a crop is at the time growing, which is gathered by plaintiff, or one claiming under him, after he has been put in possession by the sheriff, is admissible as evidence for him in a subsequent action by defendant, having regained possession, for the crops; and is conclusive between them and their privies as to the title and possession.

3. *"Original plat" of land; admissibility as evidence.*—When a plat of the land in dispute, said to be the "original plat," furnished to the party by the secretary of State, is offered in evidence, but no legal proof of the fact is made, and the paper is not sent to this court for inspection, the court can not say that its exclusion was erroneous.

4. *Description of land in judgment.*—A judgment in ejectment for "Fraction 12, a part of the S. E. ¼ and N. E. ¼, sec. 16, T. 4, R. 4, containing 34.75 acres," is not void for uncertainty in the description.

5. *General objection to evidence.*—An objection to the admission of a writing or document as evidence, not specifying any particular ground of objection, may be overruled because it is too general and indefinite.

6. *Judgment in criminal case, as evidence in subsequent civil suit.*—In a civil action to recover crops, which were cut and removed from the land by the defendant after he recovered it in ejectment, the record of a criminal prosecution instituted by defendant against plaintiff for removing other crops from the land, in which plaintiff was acquitted, is not admissible as evidence for him, as bearing on the question of right or title to the land or crops.

7. *Former judgment as evidence.*—A judgment for damages in an action for malicious prosecution, for the removal of crops from land in dispute between the parties, is not admissible as evidence for the plaintiff therein, in a subsequent action against defendant for other crops grown on the land, the record of the criminal prosecution also being excluded.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by R. K. Carlisle against John C. Killebrew, to recover certain personal property, which

[Carlisle v. Killebrew.]

was described as "2,500 lbs. of seed-cotton, 80 bushels of corn, and 400 lbs. of fodder;" and was commenced on the 3d October, 1887. The property sued for consisted of the crops, or part of the crops, raised during the year 1887, on a tract of land which was in dispute between the plaintiff and M. N. Killebrew, who was the father of the defendant; and the defendant, acting as agent of his father, had removed them from the land, after he had been placed in possession by the sheriff, under a writ issued on a judgment in ejectment. The question of title to the crops depended on the title to the tract of land on which they were raised; and that seems to have depended on the further question, whether or not the land was a part of "Fraction 12, a part of the S. E. $\frac{1}{4}$ and N. E. $\frac{1}{4}$, sec. 16, T. 4, R. 4, containing 34.75 acres."

"On the trial," as appears from the bill of exceptions, "it was admitted that the crops sued for were received by the defendant, and were raised by the plaintiff upon a tract of land which was in dispute between him and the defendant; and it was admitted, also, that plaintiff was in possession of said land, at the beginning of this suit, and at the time of the trial. There was evidence, also, tending to show that said land adjoined the lands on which plaintiff resided, and that he was in possession of the lands in dispute; and there was evidence tending to show that defendant was in possession of the land when he cut and carried away the crops, and that he was put in possession by the sheriff, under a writ of possession issued on a judgment in favor of M. N. Killebrew against said Carlisle." The defendant offered in evidence "the record of the ejectment suit," which showed that the action was commenced on the 13th December, 1886; that the defendant entered a disclaimer; that the cause was tried on issue joined, and resulted in a judgment on verdict for the plaintiff, for the land sued for, and $75 damages; that this judgment was rendered on the 28th July, 1887, and was followed by a writ of restitution, under which the sheriff, as his return showed, put the plaintiff in possession on the 4th August, 1887. The record showed, also, that in the complaint, the judgment-entry, and the writ of possession, the land was described as "Fraction No. 12, a part of S. E. $\frac{1}{4}$ and N. E. $\frac{1}{4}$ of section 16, township 4, range 4, containing 34.75 acres." The plaintiff objected and excepted to the admission of each part of this record, his objections being thus stated: "Plaintiff objected to the admission of said sum-

[Carlisle v. Killebrew.]

mons and complaint, objection overruled, and plaintiff excepted"; "plaintiff objected to the introduction of said judgment, objection overruled, and plaintiff excepted," &c.

As to the particular location of the land on which the crops were raised, the substance of the evidence was this: The defendant testified, as a witness for himself, that he got the county surveyor to run the lines, a few days before the sheriff came to put him in possession; and the county surveyor testified that, on request of the defendant, he had surveyed "said Fraction 12," a few days before the sheriff put the defendant in possession, "and that the crops gathered by defendant were raised on said fraction." While testifying as a witness for himself, "defendant admitted that said crops were raised below the boundary quarter-mile line lying on the north side of the N. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of said section 16, and were made above the north quarter-mile boundary line of the S. E. $\frac{1}{4}$ of S. E $\frac{1}{4}$ of said section. The testimony showed that the crops in controversy were raised and made below the quarter-mile north boundary line of the N. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of said section 16. Plaintiff testified that said crops were made on said forty, and not on said fraction. Defendant testified that said fraction reached below the said north boundary line of N. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$, and down to the north boundary line of the S. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of said section; and that therefore said crops were raised on said fraction." Several maps, or diagrams, were also offered in evidence, as tending to show the location of the land.

"After the court had permitted the ejectment proceedings to go before the jury, the plaintiff proposed to introduce a criminal prosecution had before a justice of the peace, wherein defendant charged plaintiff with removing the crops which were raised on the same land, and further to show that, on investigation of said charge, in determining whether said crops were removed from said fraction, the justice found in favor of said Carlisle; and further offered to show, for the purpose of identifying said fraction, that he instituted a suit against defendant in the Circuit Court of Dale county, and recovered damages for said malicious prosecution before said justice of the peace. The defendant objected to the introduction of the records of said suits; the court sustained the objection, and plaintiff excepted."

The plaintiff requested the following charges in writing, and duly excepted to their refusal: (1.) "If plaintiff, at the time he brought this suit, was in the actual and peace-

able possession of the lands on which the crops were raised, and defendant had entered on said land and removed said crops without plaintiff's permission, then the plaintiff must recover in this action." (2.) "When Carlisle, in defense of the suit brought by Killebrew for 'Fraction 12,' disclaimed being in possession of said fraction, this disclaimer devolved on the jury the duty of ascertaining whether he was in possession of said fraction; and if the judgment rendered being against Carlisle on the disclaimer, and in favor of Killebrew, for rent [ ? ], Carlisle is estopped by the judgment from saying that he was not in possession of said fraction, or that he was not in possession of the particular piece of land sued for as said fraction 12, if it was embraced in his disclaimer."

The rulings on evidence, and the refusal of the charges asked, are now assigned as error. ʾ

A. L. MILLIGAN, M. E. MILLIGAN, and H. L. MARTIN, for the appellant.

H. H. BLACKMAN, contra.

SOMERVILLE, J.—One M. N. Killebrew, under whom the appellee in this case claims, had, prior to the present suit, recovered certain premises from the plaintiff, Carlisle, in a real action in the nature of ejectment. He was formally put in possession by the sheriff under a writ of possession, and under such claim of right gathered and appropriated *the crops* of cotton, corn and fodder growing on the land. Carlisle afterwards took possession of the land, without resort to the courts, and brought the present action in detinue to recover the crops taken away by Killebrew.

1. The general rule of the common law is, that one who recovers land in ejectment is entitled to the crops then growing on the premises, they being regarded as part and parcel of the realty.—*McLean v. Bovee*, 24 Wis. 295; 1 Amer. Rep. 185; *Page v. Fowler*, 39 Cal. 412; 2 Amer. Rep. 462; *Thweatt v. Stamps*, 67 Ala. 96. In other words, "as between the successful plaintiff in an action of ejectment, and the evicted defendant, growing crops are a part of the realty." *Van Allen v. Rogers*, 1 Amer. Dec. 113; note, p. 116.

The statutes of Alabama modify this principle only by providing that, if the defendant in ejectment has a crop planted or growing on the premises recovered from him by

[Carlisle v. Killebrew.]

the plaintiff, he may stay the writ of possession until the expiration of the year, by giving bond and sureties to the plaintiff to secure the rent to him, which is declared to have the force and effect of a judgment upon the defendant's failure to pay the rent at the expiration of the year.—Code, 1886, §§ 2712–13. No such bond having been given in this case, this statute can have no bearing on the rights of the parties litigant.

2. The main question in the present suit is, whether the defendant, Killebrew, can be permitted to introduce in evidence, in this action for the crops severed from the freehold, the judgment of recovery in ejectment, and, if so, what force as evidence this judgment will exert. It is insisted by the appellant, that the court below erred in admitting this judgment, and the writ of possession issued on it, because the question of title to the land can not be litigated in a personal action; and for the further reason, that, at common law, a prior judgment in ejectment was not admissible in a subsequent suit between the same parties. The *former* principle, applied to this case, operates to preclude the plaintiff, Carlisle, from challenging the defendant's right of possession and title acquired under his judgment in ejectment.—*Beatty v. Brown*, 76 Ala. 267; *Stringfellow v. Curry, Ib.* 394. The latter rule is so stated by some of the old writers, and is based upon the use of fictitious names in the action of ejectment proper, which is still tolerated in our forms of practice. But this is not a second action of ejectment, in which it is sought to use as evidence a judgment recovered in a former action. The present is a personal action; and the rule applies as against the *plaintiff* himself, that *he* can not collaterally raise the question of title to the land, by way of showing incidentally his right to the crops severed from the freehold.—*Martin v. Thompson*, 120 U. S. 376.

In our practice, under the statute, it requires two verdicts and judgments for the defendant to bar further suit by the plaintiff in ejectment, or the real action in the nature of ejectment.—Code, 1886, § 2714. But, where the question of title arises *collaterally*, as in an action for mesne profits, or otherwise, the record of a recovery in ejectment is not only admissible in evidence in favor of the party put in possession under it, but is conclusive between the same parties, and their privies, on the same title, as to the question of possession and title.—*Shumake v. Nelms*, 25 Ala. 126; *Howard v. Kennedy*, 4 Ala. 592; *VanAllen v. Rogers*, 1 Amer. Dec. 113;

[Carlisle v. Killebrew.]

*note*, 116; 2 Greenl. Ev. § 333; *Camp v. Forrest*, 13 Ala. 114; 6 Amer. & Eng. Encyc. Law, 245; *Chirac v. Reinecker*, 2 Pet. U. S. 613, 622; *Equator Co. v. Hall*, 106 U.S. 86; *Caperton v. Schmidt*, 85 Amer. Dec. 187, *note*, 208.

The judgment recovered in the ejectment suit involved the title and right of possession of the parties to the present suit, to the same lands upon which the crops in dispute were at the time growing, and was conclusive on collateral attack as to the title of the lands, and, therefore, of the growing crops which were a part of the freehold at the time of recovery.

3. The plat of "Fraction 12," in dispute, proposed to be introduced by the plaintiff, was ruled out by the court as inadmissible. This was alleged to be the "original plat" of this land, given to the plaintiff as such by the Secretary of State. No legal proof was made on this point, however, and the paper is not before us for inspection. We can not say that the trial court erred in excluding it from the jury.

4-5. We do not judicially know that the judgment in ejectment for the recovery of "Fraction 12, a part of the S. E. $\frac{1}{4}$ *and* [of] N. E. $\frac{1}{4}$, sec. 16, T. 4, R. 4, containing 34.75–100 acres," was void for uncertainty, on the ground that no such land exists. The record shows that it was surveyed by the county surveyor, and was found *prima facie* correct. Moreover, the objection taken to the admission of this judgment, and other parts of the record accompanying it, was so general and undefined in its character, that it was competent for the court to ignore it; no ground of objection whatever being particularized.—*Dryer v. Lewis*, 57 Ala. 551; *March v. England*, 65 Ala. 275; *Steele v. Tutwiler*, 57 Ala. 113.

The other evidence to which objection was taken by appellant, was admissible to explain the extent of defendant's possession, and to identify the lands on which the crops in dispute were grown.

6. The court did not err in refusing to admit in evidence the verdict and judgment in the criminal prosecution instituted by Killebrew against the plaintiff, Carlisle, for removing the crops, in which the latter was acquitted by the presiding magistrate. A verdict and judgment in a criminal case is not generally evidence of the fact upon which the judgment was founded, in a civil proceeding.—1 Starkie on Ev. (Sharswood), *363-365.

7. So, the judgment of the magistrate showing a recov-

[The State v. Stonewall Insurance Co.]

ery of damages by Carlisle against Killebrew, in the action for malicious prosecution, based on the prosecution last referred to, is not shown to involve the determination of any fact relevant to the present issues. The judgment of acquittal, moreover, in the criminal case, upon which the case of malicious prosecution was based, being inadmissible as above stated, the latter proceeding must also, be excluded.

We find no error in the record, and the judgment is affirmed.