## C. MORTIMER EWALT, Appellant, v. JOHN H. LILLARD, Respondent.

**St. Louis Court of Appeals, February 3, 1914.**

1. **LIS PENDENS: Effect of Filing: Rights of Subsequent Purchasers and Mortgagees.** One who purchases or takes a mortgage on land after a suit to divest the title to it is instituted and *lis pendens* filed, does so subject to the final judgment in the cause, and his title or interest abides the result of the suit, regardless of whether he is or is not made a party thereto.

2. ———— :————: ————: Conclusiveness of Judgment. A default judgment for the plaintiff, in a suit to divest the title to land, during the pendency of which, and after the filing of *lis pendens*, a third person took a mortgage from the defendant in such suit, was conclusive on the third party (mortgagee), in the absence of fraud or collusion between the parties to the suit; and if there was such fraud, it was not available to the mortgagee, because he did not establish it in that suit, or in another suit to vacate or set the judgment aside for that reason, and this is true although he filed an interplea charging fraud, since he did not insist on a trial on the interplea as he should.

Appeal from Lewis Circuit Court.—*Hon. C. D. Stewart,* Judge.

AFFIRMED.

*A. F. Haney* for appellant.

*John A. Whitesides* and *Jerry M. Jeffries* for respondent.

NORTONI, J.—This is a suit by the beneficiary in a second deed of trust on real estate, against the trustee in the first, or prior, deed of trust. Defendant trustee sold the property under the first deed of trust and realized sufficient on the sale to pay the debt secured therein together with the expenses of the sale and a considerable amount over and above both. This suit by the beneficiary in the second deed of trust proceeds against the trustee to compensate the debt secured in the second deed of trust out of the surplus remaining in the hands of the trustee after paying the debt for which the property was sold and the expenses incident to that sale. The finding and judgment were for defendant and plaintiff prosecutes the appeal.

Error is assigned with respect to the giving and refusal of instructions, but in the view we take of the case, the questions thus presented are wholly immaterial, for it is obvious plaintiff is not entitled to recover in the circumstances appearing in the record.

The evidence reveals that Michael Reischling desired to purchase lot one in block two, Hawkins & Davis addition to the town of Canton in Lewis county, and in order to do so it was essential for him to execute a deed of trust thereon for $300. The purchase price of the lot was $650. Reischling's wife was insane at the time and, of course, she was therefore incompetent to join him in the execution of the deed of trust. Because of this fact he caused the title to the lot to be conveyed to his daughter, Cassie Reischling. Reischling paid $300 of the purchase price, and his daughter Cassie, to whom the title was conveyed, executed a deed of trust to defendant John H. Lillard, trustee, to the use of Laycock, to secure a note of $350 therein described. Such deed of trust was executed contemporaneously with the purchase of the lot, on June 12, 1906, and forthwith duly recorded. A few months thereafter, Cassie Reischling, the daughter, to whom the title to the lot had been conveyed and who had executed the deed of trust thereon at the behest of her father, asserted title in herself thereto and denied the right of her father, Michael Reischling. Because of this fact, Michael Reischling, on May 8, 1907, instituted a suit in the circuit court of Lewis county against his daughter, Cassie, to divest the title of the lot in question from her and invest it in himself, on the theory that he was the true owner thereof and that his daughter merely held the title for him.

It appears this suit was filed on May 8, 1907, and on the same day a notice of *lis pendens* concerning the filing of the suit and the controversy about the title was duly filed and recorded in the office of the recorder of deeds of Lewis county. Service in that case was duly had on the same day, May 8, 1907, on defendant therein, Cassie Reischling. Two days thereafter—that is, after the filing of the suit, the service therein and the filing and recording of the *lis pendens* concerning it—Cassie Reischling employed plaintiff, an attorney

at law, to represent her in that suit. Having so employed plaintiff, Cassie Reischling executed a second deed of trust on the lot in question, of date May 10, 1907, in the amount of $175, to his use and benefit, in that it secured a note for that amount of even date therewith given for attorney's fees. This second deed of trust, in favor of plaintiff, recited that it was subject to the first, or prior, one, executed to defendant trustee to the use of Laycock, June 12, 1906. The suit of Michael Reischling against his daughter, Cassie, filed on May 8, 1907, and in conjunction with which the *lis pendens* was likewise filed the same day, was returnable to the September term of the circuit court. Before the court convened, Cassie Reischling determined not to combat the claim of her father to the lot and so informed plaintiff, her attorney. She offered to pay him ten dollars for his services in the matter and requested that he surrender to her the note and mortgage of $175, but this request was declined. No answer was filed in the case by Cassie Reischling or anyone for her, but plaintiff filed therein a paper denominated by him as an interplea, in which he set forth the facts and charged collusion between Cassie Reischling and her father to defeat his second deed of trust.

The record of that case, introduced in evidence in this one, reveals that defendant therein, Cassie Reischling, though duly served, made no answer but defaulted, and the court so found and declared the fact, and found the issue for plaintiff, Michael Reischling, and by its decree divested the title of the lot from Cassie Reischling and invested it in her father, Michael Reischling. This judgment was entered September 16, 1907. But it appears no disposition whatever was made in that case of the so-styled interplea of this plaintiff therein. More than a year afterwards, on December 8, 1907, the lot was sold by defendant in the instant case, the trustee, John H. Lillard, under and in pursuance of the first deed of trust thereon, for

the price of $650 in cash. After paying the indebtedness secured by that deed of trust and the expenses of the sale, there remained in the hands of defendant trustee about $275 surplus, and plaintiff here demanded the payment by the trustee of his debt secured by the second deed of trust executed in his favor by Cassie Reischling two days after the suit of her father against her was filed, service had and the notice of *lis pendens* filed. The trustee having declined to pay the debt mentioned in such second deed of trust from the surplus in his hands, this suit was instituted to recover such amount from him.

Whatever plaintiff's claim may be against Cassie Reischling, who executed the note and deed of trust to him, it is entirely clear that he may not recover in this suit against the trustee in the prior deed, though it be that such trustee holds a surplus realized from a sale of the *corpus* of the estate, vouchsafed as security in both deeds of trust, for no one can doubt that the doctrine of *lis pendens* alone precluded him. Indeed, the court should have directed a verdict for defendant on this theory.

It is conceded that the suit of Michael Reischling against his daughter to divest the title of the lot from her and invest it in himself was instituted, service had and *lis pendens* filed, on May 8, 1907. It is conceded, too, that plaintiff took his deed of trust from Cassie Reischling two days thereafter, May 10, 1907, of course, subject to the first one, of date June 12, 1906, which was duly recorded about the time it was made. The filing of the *lis pendens* operated as constructive notice to plaintiff of the pendency of the suit of Michael Reischling against his daughter, Cassie, with a view of divesting the title of the lot from her and investing it in him. [Section 8211, R. S. 1909.] Obviously, plaintiff's second deed of trust so executed and delivered after suit and notice *lis pendens* conferred upon him the rights only of a purchaser or encum-

brancer *pendente lite*. He is, therefore, bound by the decree affecting the property which the court entered in that case. The doctrine of *lis pendens* formulates a rule to preserve the situation as it existed when the litigation was begun, in order that effect may be given to the rights ultimately established therein. Therefore, if one purchases the land in controversy or takes an incumbrance thereon after suit to divest the title is instituted and *lis pendens* filed, he does so subject to the final judgment in the cause, and his title must abide the result of the suit, whether he be made a party thereto or not. Indeed, in such circumstances the rights of the encumbrancer share the fate which would have befallen the title had it remained in his vendor. Had the title here remained in Cassie Reischling without the execution of the second deed of trust at all, no one can doubt the effect upon her rights by the decree which divested the title from her and invested it in her father. Plaintiff having taken his deed of trust subsequent to the suit and with notice *lis pendens* acquired no rights whatever in the *corpus* of the estate which survived the judgment, and, of course, the surplus funds realized from its sale by the trustee under the first deed of trust remain free of plaintiff's claim as well. [See Turner et al. v. Babb et al., 60 Mo. 342; Bristow v. Thackston, 187 Mo. 332, 346-348, 86 S. W. 94; Hope v. Blair, 105 Mo. 85, 16 S. W. 595; Burnham, Munger & Co. v. Smith, 82 Mo. App. 35.]

But it is urged that, as plaintiff filed what he termed to be an interplea in the case of Michael Reischling v. Cassie Reischling, charging fraud and collusion between them to defeat his second mortgage, and was accorded no trial thereon in that case, his rights are not concluded by that judgment. This is an erroneous view, for if plaintiff was entitled to a hearing in that case, he should have pressed it there, and if the court denied his rights, an appeal should have been prosecuted by him from that judgment. However, it does

not appear here that he insisted upon a trial in that case, nor does this record reveal that one was denied him. But be all of this as it may, it is certain that judgment is conclusive between the parties for it was given by a court of competent jurisdiction touching the subject-matter, on issues clearly made, with the parties before it, and this, too, more than a year before the institution of the present suit and no appeal was prosecuted therefrom by any of the parties. It is clear that Cassie Reischling had a right to abandon her defense in that suit and to suffer judgment to go against her therein, and in the absence of fraud or collusion between her and her father, this plaintiff could not complain. [See Turner et al. v. Babb et al., 60 Mo. 342, 351.] If fraud or collusion obtained, it was the duty of plaintiff to establish it in that case to defeat it, or in some other one to vacate or set the judgment aside for that reason. Not having pursued either course, plaintiff may not now assert in this suit against the trustee that the judgment referred to does not conclude him here.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.