THOR OLSON AND Z. NERNESS, Appellants, v. JOHN LEIBPKE, JR., et all., Appellees, HERMAN WEISE, Appellant, v. JOHN LEIBPKE, JR., et al., Appellees.

**Lis Pendens:** PENDENCY OF APPEAL IN STATE AND FEDERAL SUPREME COURT: *Final decision*. In an action to quiet the title, being one of about fifty suits brought by the same plaintiff in the same county all involving a federal question, a decree was rendered against defendants, in the year 1888, and decrees were also entered in the several other suits pending. An appeal was taken in each case, but it was stipulated between the parties that the defendants in said cases should prosecute the appeal in not less than two cases named, not including that against defendants herein, and that the other appeals should stand continued, without prejudice, and without being docketed in the supreme court, until the decisions in the appeals agreed to be prosecuted. The latter were determined by the state supreme court in 1891, and, on a writ of error taken to the supreme court of the United States, a final decision was obtained in 1896. Thereafter, the state court, in 1898, following the decision of the United States supreme court, reversed the decree rendered by the district court, against the defendants herein, in 1838. *Held*, that, under Code 1873, section 2628, providing that when a petition is filed affecting real estate, the action is pending so as to charge third persons with notice, and that, while pending, no interest can be acquired in the property by third persons; the action against the defendants herein was pending from the time of the filing of the petition therein until the decis-

ion reversing the decree of the district court, in 1898, and that a purchaser from the plaintiff in said action, in 1895, acquired no interest in the property in controversy as against the rights of said defendants.

*Appeal from Calhoun District Court.*—HON. S. M. ELWOOD, Judge.

WEDNESDAY, FEBRUARY 7, 1900.

THESE two cases present the same issues as to different lands. They were tried together in the district court, and are so submitted here. They are actions to quiet title to, and to obtain possession of certain lands in Calhoun county. The plaintiffs are the grantees of the lands in controversy through a chain of title descending from the American Emigrant Company, whose title was based upon the act of congress of 1850, known as the "Swamp Land Act." The defendants Long are the widow and heirs of Ira L. Long, deceased, who at the time of his death held title to this land, through conveyances descending from the Dubuque & Pacific Railroad Company, whose title was claimed under the act of congress of May 15, 1856, granting land to Iowa in aid of the construction of railroads in the state. The other defendants are tenants of their co-defendants. There was a decree for defendants in the district court, and plaintiffs appeal.—*Affirmed.*

*H. E. Long* and *H. M. Funson,* for appellants.

*Botsford, Healy & Healy,* for appellees.

SHERWIN, J.—In January, 1884, the American Emigrant Company brought an action in the district court of Calhoun county against these defendants Long, to quiet its title to the lands involved in these cases. Issue was joined, and a trial had upon the merits, which resulted in a decree, May 10, 1888, in favor of the emigrant company, quieting its title. An appeal was taken from that judgment, and this

court, following the holding of the Supreme Court of the
United States in *Rogers Locomotive Mach. Works v. American Emigrant Co.,* 164 U. S. 559, (17 Sup. Ct. 188, 41 L.
Ed. 552), reversed the case. *Emigrant Co. v. Long,* 105
Iowa, 194, decided April 9, 1898. The plaintiffs purchased
in the fall of 1895, and contend that they were purchasers in
good faith, for full consideration, and without notice, either
actual or constructive, of the defendants' claim of title. The
controlling question, therefore, in these cases, is whether the
plaintiffs are entitled to be protected as such purchasers. It
may be conceded that the plaintiffs, at the time of their pur-
purchases, had no actual knowledge of the condition of the liti-
gation between the emigrant company and the Longs, other
than what was imparted by the abstract of title. What,
then, was the status of the case after the decree in the district
court? The records of that court showed that a notice of
appeal had been served within the statutory time. The stipu-
lation entered into by the parties, through their attorneys,
expressly recognized the sufficiency of the service, and this
court held it good in the same case, and that it conferred juris-
diction upon the court to hear and determine the appeal. It
follows, then, that at the time of the plaintiff's purchase, in
the fall of 1895, the case was pending in this court, and the
records of the district court of Calhoun county so showed. The
plaintiffs were therefore purchasers *pendente lite.* Section
2628 of the Code of 1873 provided that "when a petition has
been filed affecting real estate, the action is pending so as to
charge third persons with notice of its pendency, and, while
pending, no interest can be acquired by third persons in the
subject-matter thereof as against the plaintiff's rights, if the
real property affected be situated in the county wherein the
petition is filed." It will be borne in mind that the defend-
ants had answered in the *Emigrant Case,* claiming adverse
title to this particular land, and that the case had been tried
upon its merits. This court, in *Ferrier v. Buzick,* 6 Iowa,
258, says: "The purchaser of property actually in litigation,

*pendente lite,* for a valuable consideration, and though he may have had no express or implied notice in point of fact, is affected in the same manner as if he had such notice. This rule, though it may in some cases operate with hardship upon a purchaser, is one of general convenience, and is now well and firmly established,"—citing cases. See, also, 1 Story Equity Jurisprudence 411. The primary object of the rule of lis pendens is to keep the property within the power of the court until final judgment or decree shall be entered, and thus enable courts to give force and effect to such judgments. Bennett Lis Pendens, section 12; *Murrañ v. Ballou,* 1 Johns. Ch. 566. "It is founded upon the necessity of such a rule in order to give effect to the preceedings in courts of justice. Without it, the administration of justice might, in all cases, be frustrated by successive alienations of the property which was the object of litigation, pending the suit, so that every judgment and decree could be rendered abortive, where the recovery of specific property was the object." *Newman v. Chapman,* 2 Rand. 93; Bennett Lis Pendens, section 14. The rule under the common law, and the rule which has been generally followed by the courts where there is no statute affecting the question, is that *lis pendens* continues until the suit is determined by final decree, or until it is suspended by a failure to make what is called a "full prosecution." It is also held that an appeal from a final judgment of an inferior court continues the *lis pendens* during the pendency of the appeal. *Ferrier v. Buzick, supra; Washburn v. Van Steen-wyk,* 32 Minn. 355, (20 N. W. Rep. 324). The question as to what is a "full," or, as some writers put it, "continuous, prosecution of a cause," either in the trial court or in the court to which an appeal is taken, is one which, of necessity, must be determined from the facts appearing in the particular case under consideration. No iron-clad rule can be laid down for the government of all cases. The general rule laid down by the authorities is that there must "be a prosecution of the suit without such intermission as may appear to

be inexcusable, and shall not be satisfactorily explained."
13 Am. & Eng. Enc. Law, 889, and cases cited in note 2. It
is also generally held that, where there is an apparent neglect
to prosecute, a reasonable excuse for the delay complained of
is always available to keep the *lis pendens* alive. *Wickliffe's
Ex'r v. Breckinridge's Heirs,* 1 Bush, 443; *Watson v. Wilson,*
2 Dana, 407. And it is said in *Gossom v. Donaldson,* 18 B.
Mon. 237: "It is not necessary, however, in order to retain
the character of a *lis pendens,* that a suit should be prosecuted
with even ordinary diligence; but, as a *lis pendens* is created
by the institution of the suit, it can only be lost ·by unusual
and unreasonable negligence in its prosecution." It has also
been held, under the common-law rule, that full prosecution
exists so long as the action is pending, and the court has com-
plete jurisdiction over the matter in controversy. Bennett
Lis Pendens, section 102. If we were to base our conclusion
in the cases at bar solely upon the rule established by the
common law, we think the evidence presented by the record
would fully justify the finding that there was a full and con-
tinuous prosecution of the cases. It appears from the record
that some fifty suits of a similar nature, brought by the emi-
grant company, and all involving a federal question, were at
the same time pending in Calhoun county, and, as we under-
stand the record, were all determined at the same time, in
some instances for the plaintiff, and in others for the defend-
ants, and all of the cases were appealed. It was afterwards
stipulated that all of those cases were appealed, naming them,
and that "the defendants shall proceed to prosecute their
appeals in the following named cases, or such of them as they
see fit, not less than two, namely," giving the names of the
cases, which list did not include the case against these
defendants; and that all of the other appeals above men-
tioned on both sides shall stand continued, without prejudice
to either party, and without being docketed in the supreme
court, until the decision of said court in the appeals
which may be prosecuted as herein provided. The appeal

in the case of *American Emigrant Co. v-. Rogers Locomotive Mach. Works* was prosecuted and decided by this court October 22. 1891 (83 Iowa, 612), and was taken to the Supreme Court of the United States on writ of error, and there decided December 7, 1896 (17 Sup. Ct. Rep. 188, 41 L. Ed. 552), after plaintiffs purchased. In addition to the written stipulation, Charles A. Clark testified, in the cases at bar, that he had an oral understanding, as he supposed, with Mr. J. J. Davis, attorney for plaintiff, to the effect that the other swamp land cases were to stand over, under the written stipulation, until final decision in the Supreme Court of the United States in the *Rogers Locomotive Mach. Works Case*. This evidence was uncontradicted, and we think was competent, as tending to show diligence on the part of the defendants Long. It was undoubtedly the understanding of the defendants' counsel that the other cases should remain in abeyance until the questions involved had been finally determined in one or more of the cases to be prosecuted upon appeal, under the written stipulation. After the case of *American Emigrant Co. v. Rogers Locomotive Mach. Works* had gone to the Supreme Court of the United States, where the controlling questions involved in all of the cases which the stipulation covered would be finally settled, the defendants in the cases at bar might well have ceased the active prosecution of their appeal, and awaited this final decision. But, by the very terms of our statute, *lis pendens* commences when a petition has been filed affecting real estate, and continues while the action is pending. *Haverly v. Alcott,* 57 Iowa, 171; Code, *supra*. This positive provision of the statute we can neither enlarge nor diminish. It stands as the expression of the legislative will on this subject, and must be given its broadest meaning. It was intended to give effect to judicial decrees, and to keep specific property which is in litigation within the power of the court. It is a just statute, and its wisdom canot be better illustrated than in the cases at bar, where it is sought to take from the defendants valu-

able land, their title to which they have been defending for years, and have finally established by decree of this court. And we now hold that the cause in which such decree was rendered was pending when the plaintiffs purchased, in 1895, and that plaintiffs could not, and did not, acquire any interest in the land in controversy, as against the rights of these defendants. The other questions presented by the record it is not necessary to notice. The judgment of the district court in both cases is right, and both are AFFIRMED.

GRANGER, C. J., not sitting.