**Richard MEYER, Appellant,**

v.

**Redmond JONES II and City of Davenport, Iowa, Appellees.**

No. 04–0364.

Supreme Court of Iowa.

May 20, 2005.

Michael J. Meloy of Koos & Meloy, Bettendorf, for appellant.

Brian Heyer, Assistant City Attorney, Davenport, for appellee.

WIGGINS, Justice.

A property owner filed a petition requesting a writ of certiorari on the ground a municipality failed to give the owner adequate notice of an alleged nuisance and the city's intent to abate the nuisance. The owner further claims the city cannot charge him with the expense of abating the nuisance because he did not receive adequate notice. The district court annulled the writ of certiorari. We disagree with the district court because the city failed to follow its code provisions and afford the owner his right to procedural due process. Accordingly, we reverse the judgment of the district court and remand the case for entry of an order sustaining the writ of certiorari.

## I. Background Facts and Proceedings.

Paul Reid owned land located in the City of Davenport. Reid purchased the land in three separate transactions. The county auditor assigned a separate parcel number to the real property conveyed in each transaction. Iowa Code § 441.29 (2001). The combined acreage for the three parcels totaled 7.7 acres. Over the years, numerous individuals and entities dumped trash and debris on Reid's property with his consent. This debris included broken

concrete, rubble, vehicles, and trailers. The trash and debris spilled onto the adjoining property owned by Zenith Corp. The auditor assigned the Zenith property a fourth parcel number. The trash and debris spanned an area of around twenty acres.

On August 21, 2001, the city declared the property a nuisance and served Reid a written notice to abate the nuisance. Rather than identifying the entire twenty acres in the notice by legal description, the city identified the property as the "property located at 2400 West River Drive" and listed only one of the parcel numbers assigned to Reid's property. Reid challenged the city's abatement order. The city held a hearing on September 24. The plaintiff, Richard Meyer, was present at the hearing as an observer. The hearing officer filed his decision on October 9. The hearing officer described the affected property as having twenty plus acres, upheld the abatement order, but gave Reid an opportunity to obtain a special-use permit from the zoning board of adjustment to use the property as a salvage yard. The hearing officer did not serve Meyer with a copy of the order.

Reid was unable to obtain the special-use permit. The city held a second hearing on March 6, 2002. Meyer was not given notice of this hearing and was not present. The hearing officer gave Reid until April 15 to remove all non-vehicle debris and June 30 to remove the vehicles on the property. The hearing officer did not serve Meyer with a copy of this order. Reid did not appeal this order.

When Reid failed to abate the nuisance by removing the non-vehicle debris as ordered, the city sent invitations for bids to thirty-four vendors to remove the debris and grade the area. On June 27, the city received and opened four bids. The city did not act upon the bids at that time.

Sometime before July 31, Richard Meyer purchased the 7.7 acres from Reid. The city was aware of the change in ownership but never served Meyer with a written notice to abate the nuisance.

In October, the city accepted a bid to remove the debris and grade the area. Meyer provided the contractor who cleaned up the property with a temporary access agreement. When the cleanup was complete, the city sent Meyer four separate bills for the abatement of the property. The city tied each bill to each separate parcel number. Meyer owned three of the parcels. Zenith owned the fourth parcel.

Meyer objected to the billing and requested a hearing. At the conclusion of the hearing, the hearing officer issued an oral decision on the record. The hearing officer upheld the billing finding the cleanup costs were reasonable.

Meyer brought a petition for writ of certiorari requesting the district court to overturn the decision of the hearing officer. The district court annulled the writ of certiorari. Applicable to this appeal, the district court concluded the city gave Meyer adequate notice of the alleged nuisance and the city's intent to abate the nuisance. Meyer appeals.

## II. Issue.

■ Meyer raised many procedural issues in this appeal. We find it only necessary to determine whether Meyer received adequate notice of the alleged nuisance and the city's intent to abate the nuisance to dispose of this appeal.

## III. Scope of Review.

■ A court shall grant a writ of certiorari when an inferior officer acted illegally. Iowa R. Civ. P. 1.1401. Our review of a certiorari proceeding is for correction of

errors at law. *Waddell v. Brooke*, 684 N.W.2d 185, 190 (Iowa 2004). Meyer has the burden of "showing the inferior tribunal, board, or official exceeded its jurisdiction or otherwise acted illegally." *Id.* at 189.

## IV. Analysis.

**■■■** A. *Procedural Due Process.* When a state action threatens to deprive a person of a protected liberty or property interest, a person is entitled to procedural due process. *Bowers v. Polk County Bd. of Supervisors*, 638 N.W.2d 682, 690 (Iowa 2002). The due process clause of the Fourteenth Amendment to the United States Constitution requires the city to provide a property owner with adequate notice and hearing before it exercises its police power to declare and abate a nuisance in a non-emergency situation. U.S. Const. amend. XIV, § 1; *Walker v. Johnson County*, 209 N.W.2d 137, 140 (Iowa 1973). "Notice must be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Estate of Borrego*, 490 N.W.2d 833, 837 (Iowa 1992). Before a city can declare a property a nuisance and order its abatement in a non-emergency situation, the city should inform the property owner of the city's declaration that a property is a nuisance, inform the owner of what the owner must do to prevent the city from abating the nuisance at the owner's expense, and provide the owner with a hearing to contest the declaration and abatement order. *Hancock v. City Council*, 392 N.W.2d 472, 475–76 (Iowa 1986).

B. *The City's Code Provisions.* Pursuant to its home rule power, the city adopted as part of its health, safety, and neighborhood enhancement ordinance a chapter concerning nuisances. Davenport Mun.Code ch. 8.12 (2000). The city incorporated the required procedural due process requirements in its ordinance. Chapter 8.12 permits the city administrator to cause a written notice to be served on the property owner to abate a nuisance.[1] *Id.* §§ 8.12.040, 8.12.060. " 'Property owner' means the record holder of legal title." *Id.* § 8.12.010(H). The notice shall contain:

A. A description of what constitutes the nuisance;

B. The location of the nuisance;

C. An order to abate the nuisance and a statement of the act or acts to be taken to abate it. The order may also include a statement giving the recipient an opportunity to submit an alternative abatement plan satisfactory to the city.

D. A reasonable time within which to complete the abatement;

E. A statement of the terms of Section 8.12.070 regarding hearings;

F. A statement that if the nuisance is not abated as ordered and no request for hearing is made within the designated abatement period, the city will abate the nuisance and assess the costs against such person.

*Id.* § 8.12.050.

A person receiving a written notice to abate a nuisance is entitled to a hearing if timely requested. *Id.* § 8.12.070(A). The hearing officer is required to

---

1. If the city determines an emergency exists because of the continuing presence of a nuisance, the city may perform any action, which may be required under its nuisance ordinance without prior notice or hearing. Davenport Mun.Code § 8.12.080 (2000). The city has not claimed an emergency existed in the present case to relieve it of the obligation to provide notice or hearing under its ordinance.

render a written decision as to whether, by clear and convincing evidence, a nuisance exists, and shall notify the parties of the decision by certified mail. If the committee or its designee finds that a nuisance exists, it shall include in the notification and order that the nuisance shall be abated within such additional time as it determines is reasonable under the circumstances.

*Id.* § 8.12.070(B). "If the person notified to abate a nuisance neglects or fails to abate as ordered, the city may perform the required action to abate." *Id.* § 8.12.090. If the city performs the abatement, the city is required to mail a statement of the total expense incurred to the person who has failed to abide by the notice to abate, demanding payment of the expense. *Id.* § 8.12.100.

Any person receiving the statement can request a hearing, which "shall be limited to the question of the reasonability of the amount of expense demanded." *Id.* § 8.12.110. The determination made by the hearing officer "shall be communicated in writing to the objector." *Id.* After the hearing officer makes a decision, the city can rebill the person who has failed to abide by the notice to abate. *Id.* If the person fails to pay within thirty days of billing, the city can collect the amount it is due in the same manner, as special taxes. *Id.* § 8.12.100.

C. *Procedures Followed by the City.* In dealing with the alleged nuisance on Reid's property, the city relied on chapter 8.12 of its health, safety, and neighborhood enhancement ordinance to move toward abating the alleged nuisance. The ordinance provided and the city gave Reid adequate notice and a hearing before ordering him to abate the nuisance. Reid sold the property to Meyer before Reid abated the nuisance and before the city accepted any bids from vendors to abate the nuisance.

The city knew Meyer owned the property for at least two months prior to accepting the bid to abate the nuisance from an outside vendor. Under its own statutes in accordance with the requirements of due process, the city should have given Meyer, as record titleholder, notice under its code to abate the nuisance.

Instead of billing the record titleholder who received a notice to abate the nuisance, the city attempted to bill Meyer for the cost of the cleanup. The ordinance only allows the city to bill the person who has failed to abide by the notice to abate for the expenses incurred by the city in abating the nuisance. Davenport Mun. Code § 8.12.100. Meyer never received a notice to abate the nuisance from the city, so he never failed to abide by the notice to abate the nuisance; consequently, the city could not charge him with the expense to abate the nuisance under its ordinance.

The city advances various arguments why Meyer should be responsible for the expenses the city incurred in abating the nuisance. First, it argues Meyer's attendance as an observer at the initial hearing and a memo exchanged between Meyer's attorney and the mayor gave Meyer adequate knowledge to satisfy due process requirements. In the context of a collateral action against a municipality for damages caused to property when the municipality abated a nuisance, we held a party's presence at a council meeting and general knowledge of the factual issues might satisfy due process notice requirements. *Lacy v. City of Des Moines*, 253 Iowa 621, 628–29, 113 N.W.2d 279, 283–84 (1962). However, in the context of a direct challenge to the due process requirements of notice and hearing prior to declaring and ordering the abatement of a nuisance, we disapproved *Lacy* and held notice obtained by a person's presence at a council meeting together with a general knowledge of

the factual issues is inconsistent with the notice requirements of due process. *Hancock*, 392 N.W.2d at 478. In the context of Meyer's due process challenge, we once again disapprove *Lacy* and overrule its application to a direct challenge to the due process requirements of the Fourteenth Amendment.

The city also argues that the disclosure statement Reid was required to give Meyer prior to the transfer of the property under chapter 558A would have given Meyer adequate notice of the fact the city declared the property a nuisance and ordered it abated. *See* Iowa Code § 558A.4 (requiring the disclosure statement contain "information relating to the condition and important characteristics of the property ...."). The record is devoid of any evidence regarding a disclosure statement given by Reid to Meyer in connection with the transfer of the property. Without the benefit of the disclosure statement or testimony as to what disclosures Reid may have given Meyer in connection with the property transaction, we are unable to make any determination if the disclosure statement could have substituted for the notice and hearing as required by the ordinance and due process.

The city lastly argues that if we do not hold Meyer responsible for the expenses, a person who created a nuisance could defeat the city's order requiring a party to abate the nuisance by transferring the property to a person who has no notice of the proceedings. To support this argument, the city cites *Silvers v. Traverse*, 82 Iowa 52, 47 N.W. 888 (1891). In *Silvers*, this court stated a court decree enjoining a person from using a property for the unlawful keeping and sale of intoxicating liquors is a restriction on the use of the property. 82 Iowa at 56, 47 N.W. at 889. Accordingly, any person who purchases or leases the property is subject to this re-

striction and the court can find a person in contempt for violating the restriction.

*Silvers* is distinguishable from the present case. In *Silvers*, this court relied on a Code provision providing:

> When a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title, if the real property affected be situated in the county where the petition is filed.

Iowa Code § 2628 (1873). This statute codifies the doctrine of *lis pendens*. The purpose of section 2628 was to give subsequent purchasers of a property subject to litigation constructive knowledge of the court proceedings. *Olson v. Leibpke*, 110 Iowa 594, 597, 81 N.W. 801, 802 (1900). Consequently, when the court entered its injunction in *Silvers*, section 2628 gave notice to the subsequent purchaser that the property was subject to the injunction, and the injunction operated in rem by attaching to the property in whosever hands it may be transferred. *Silvers*, 82 Iowa at 56, 47 N.W. at 889.

Our legislature has continued to incorporate the doctrine of *lis pendens* in the Code. Iowa Code §§ 617.10–15. However, the doctrine only applies when a party files a petition in district court affecting real estate. *Id.* § 617.10. Therefore, the city cannot rely on the theory that the hearing officer's finding that Reid's property was a nuisance gave Meyer constructive notice of the finding and created an encumbrance on the property running with the land.

## V. Disposition.

The district court should have sustained the writ of certiorari because the city failed to follow its code provisions and afford Meyer his right to procedural due

process. Accordingly, we reverse the judgment of the district court and remand the case for entry of an order sustaining the writ of certiorari.

**REVERSED AND CASE REMANDED.**