**IN THE COURT OF APPEALS OF IOWA**

No. 15-0926
Filed April 27, 2016

MARK A. RINIKER, LORI A. RINIKER,
and BRIAN RINIKER,
      Plaintiffs-Appellees,

vs.

DUBUQUE COUNTY BOARD OF
SUPERVISORS,
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Dubuque County, Monica Ackley,

Judge.

      The Dubuque County Board of Supervisors appeals from the district

court's ruling sustaining a writ of certiorari.  **REVERSED.**

      Les V. Reddick of Kane, Norby & Reddick, P.C., Dubuque, for appellant.

      Jennifer A. Clemens-Conlon of Clemens, Walters, Conlon, Runde & Hiatt,

L.L.P., Dubuque, for appellees.

      Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

The Dubuque County Board of Supervisors appeals from the district court's ruling that it acted illegally in denying Mark and Lori Rinikers' application to have part of their nine acres rezoned from A-1 (agricultural) to A-2 (agricultural residential). A property owner has no absolute right to have property rezoned, the Board properly relied upon one of the criteria to deny rezoning, and the district court erred in sustaining the writ of certiorari. We therefore reverse.

**I. Background Facts and Proceedings.**

In 2013, Dubuque County amended its zoning classification ordinances. The minutes from a public hearing state:

> PUBLIC HEARING—AMENDMENT TO CHAPTER 1—ZONING ORDINANCE—DUBUQUE COUNTY CODE OF ORDINANCES ("A-2" AGRICULTURAL RESIDENTIAL DISTRICT)
> Chair Manternach opened the public hearing.
> Zoning Administrator Anna O'Shea said this amendment will assist the Zoning Department with the change in the agricultural exemption process and will allow existing homes in the A-1 district to be platted off with a minimum of one acre. Ms. O'Shea said it will also allow new residential homes in the A-1 district if shown for agricultural related purposes, eliminate the five acre requirement and regulate the summer cottages which will now be put into the special A-2 district and will be allowed to be in a one acre parcel. Ms. O'Shea said setbacks will be the same as the R-2 district.
> Ms. O'Shea also answered questions of the Board.
> Larry Decker, 17047 Higginsport Road, Bernard said he appreciates what the Board is doing in preserving agriculture land, but feels it needs to be weighed against a person's civil rights and sees problems with this amendment.

Following a public hearing, a motion carried unanimously to adopt the following amendment, which in relevant part states:

> 1-15.3 "A-2" AGRICULTURAL RESIDENTIAL DISTRICT
> a. PERMITTED PRINCIPAL USES AND STRUCTURES
> (1) Farm homes, currently in existence, on property for which there is a need to separate the residence from the farm property.

An explanation of the need to plat off the existing farm home must be put in writing and included with the rezoning application. . . .

    (2) Single Family Dwelling, if all of the following criteria are met:

    (a) The proposed residence is needed to continue or promote farming operations in the area; and

    (b) The proposed residence does not alter the essential character of the neighborhood; and

    (c) The proposed use is in accordance with the purposes and intent of the Zoning Ordinance and Comprehensive Plan; and

    (d) No single family dwelling will be allowed if a hardship or nuisance relative to any adjoining property owner is demonstrated. . . .

    (3) Summer cottages. . . .

    (4) Household or home occupations as defined herein.

The instant action arises as a result of Mark and Lori Rinikers' application to rezone A-1 property to A-2. On November 26, 2013, the Rinikers purchased a nine-acre lot in Dubuque County. The Rinikers wished to separate from the nine acres 1.08 acres with an existing house and have it rezoned A-2. It was their intent to sell the rezoned property to their son, Brian Riniker, and construct a new residence on the remaining approximately eight acres.

The Dubuque County Zoning Commission held a hearing and unanimously passed a motion to approve the Rinikers' rezoning request. The zoning commission notes state:

Mr. Riniker explained that they purchased this property with an older existing farm home on the property. The home has too many steps for him and his wife to navigate as they get older, so they decided to construct a new retirement house with no steps.

    Ms. O'Shea stated that this property was a 40-acre parcel that . . . in 2002 the farm home was platted off with 8 acres.[1] Now, they want to plat off just the farm home with one acre and keep the seven (7) acre balance for another new farm home. Ms. O'Shea explained further that the Rinikers have applied for the Farm

---

[1] The exact acreage of the parcel owned by the Rinikers is variously stated as approximately eight and nine acres. The request to rezone is consistently stated as including 1.08 acres.

Exemption as it stands now, so they will be using the current farm exemption process for the proposed new dwelling and the proposed A-2, District for the original farm dwelling.

Mr. Goodmann asked if the Board is considering separation of the existing farm home now?

Ms. O'Shea responded yes, that the proposed A-2, District would be for the existing farm dwelling with one acre of ground, and the balance would remain in A-1 for a future farm dwelling to be constructed this summer.

Mr. Lindblom asked how does one get a farm exemption on eight (8) acres or is he missing something?

Ms. O'Shea explained that the current farm exemption qualification is five acres or more of A-1 zoned ground with some kind of agricultural use of the property.

Mr. Goodmann stated that the necessary exemptions were obtained and this request is what the A-2 district was designed to be used for.

A motion was made by Mr. Schmitt, seconded by Ms. Klostermann and passed unanimously to approve the rezoning request. Vote: 6-0

. . . .

Mr. Lindblom asked why we have not gotten rid of the five acre minimum regarding the farm exemption. Ms. O'Shea explained that the Board of Supervisors had just a few issues remaining with the farm exemption so she would bring a few ideas to next month's meeting for discussion and the Board can decide how to proceed.

The Rinikers' rezoning request was forwarded to the Dubuque County Board of Supervisors. Mark stated to the Board,

My wife and I bought the property that is in question so . . . we went and s[aw] Anna and asked her what the rules were that were in place at the time and she said that these are the forms that we fill out. So I think that we did everything according to standard protocol at this time. Our intent was to . . . the reason that we are zoning that off is . . . the house is not suitable for retirement for my wife or myself in later years. So we were hoping to build our retirement home while I am still young enough to pay for it. So but that is our main reason. I was going to try to get out of some of the heavier carpenter work and get into a little light farming. You know with the grandkids and such so that's our plans there.

The chair of the Board explained that the intent of the A-2 agricultural residential classification was "to be able to split the farm from the house and

more or less keep more acres in production," not to allow "subdividing ag ground." Another board member stated:

> It's just that this was not what the A2 was intended to do. This is the unforeseen consequences of trying to make things better. In this instance we are going 180 degrees of what we are trying to accomplish and that was to preserve farm ground and not to turn it into subdivisions and you know what you're doing under the present rules appear to be 100% ok although not what we were trying to accomplish. If we wouldn't have changed the rules at all, you would not be able to even think about splitting this piece of property because it's under 10 acres. You would have had to have 2, 5 acre plots in order to do that and that would have been ok but what you are doing here is you have 9 acres you are going to take another acre off you have 8 acres left and then [you're] gonna build another house on it. Well in theory you can knock another acre off that with the house and put another lot in it. That is not what we are trying to do we don't wanna a minor subdivision going on in this really nice farm ground here. So that is a dilemma that we have to deal with to try and figure out where we are at.

The chair explained the Board had previously denied a similar application for rezoning.

> Further discussion included these comments:
>
> [Board member] Daryl Klein: I guess just something maybe clarified, just a little bit, if we hadn't tried to be proactive in setting up this A2 designation to try to get smaller parcels in ag land and we just had just the A1, this parcel would never have qualified for a second home anyway. So if that is any consolation, which it probably isn't, you know, it's just the way that it would have been if we hadn't have tried to make it better, easier to get houses in ag ground in most instances. Is that a fair analysis?
> [Zoning administrator] Anna O'Shea: Yeah, I think what our intent was to try and let a home that is existing be platted off so that the rest of that farm ground could be farmed, go to a farmer, be sold to a farmer.
> Daryl Klein: A2 was not meant to enable more houses to be built. That was not the intention.

The Board denied the Rinikers' application.

The Rinikers sought review in the district court. Their petition was amended and presented to the court as a certiorari action. The court heard arguments and determined:

> The Board, by indicating that the language was not clear and that the interpretation by the Rinikers was not the intent of the Code, did not have the ability to deny the Rinikers their application. Instead, the Board needs to re-examine the Code and to ratify a new definition of the A-2 agricultural residential zoning.

The Board appeals.

## II. Scope and Standard of Review.

This matter comes to us on appeal from the ruling on a petition for writ of certiorari.

> We review a certiorari action for the correction of errors at law. *Meyer v. Jones*, 696 N.W.2d 611, 613–14 (Iowa 2005). A certiorari action may be asserted by a party when authorized by a statute or when an "inferior tribunal, board, or officer" exceeded its jurisdiction or otherwise acted illegally in executing judicial functions. Iowa R. Civ. P. 1.1401; *Meyer* [*v. Jones*], 696 N.W.2d [611,] 614 [(Iowa 2005)]. An inferior tribunal commits an illegality if the decision violates a statute, is not supported by substantial evidence, or is unreasonable, arbitrary, or capricious. *Bowman v. City of Des Moines Mun. Housing Agency*, 805 N.W.2d 790, 796 (Iowa 2011).

*City of Des Moines v. Webster*, 861 N.W.2d 878, 882 (Iowa Ct. App. 2014).

## III. Discussion.

Our rules of civil procedure provide that "[u]nless otherwise provided by statute, the judgment on certiorari shall be limited to annulling the writ or to sustaining it, in whole or in part, to the extent the proceedings below were illegal or in excess of jurisdiction." Iowa R. Civ. P. 1.1411. "Illegality exists within the meaning of the rule when the findings upon which the hearing officer based her

conclusions of law do not have evidentiary support or when the court has incorrectly applied the proper rule of law." *Webster*, 861 N.W.2d at 882. We presume the tribunal properly performed its duty under the law, unless clear evidence to the contrary appears. *Id*. "The burden of showing illegality rests upon the asserting party." *Id*.

Here, the district court found the Rinikers had established an illegality because their application fell within a strict reading of the A-2 classification. The district court observed:

> The Court agrees with the proposition set forth by the Plaintiffs that it has "been well established that zoning ordinances are considered extensions of the police power and must be strictly construed in favor of the free use of property." Any ambiguity in a zoning ordinance should be resolved in favor of the unrestricted use of the property by the owner and restriction should not be extended by implication or interpretation.
>
> We are required to resort to rules of statutory construction when the terms of an ordinance are ambiguous. In interpreting ordinances, it is appropriate to apply the general rules of construction. An ambiguity exists if reasonable persons can disagree on the meaning of the ordinance. The Court's obligation is therefore to determine what the intent of a statute is or what the intent of an ordinance is from the words chosen, not what it should or might have said.

(Citations omitted.)

The problem is that the district court's decision rests upon an assumption the Rinikers had a *right* to have their property rezoned. We are aware of no such right.

Here, the Rinikers purchased property zoned A-1. As zoned, they were under notice that a new residence could not be built on the land without tearing the existing residence down. Mark Riniker told the Board he did not wish to tear the existing residence down: "Well there is quite a bit of investment in the home

and it would be a shame to tear it down. . . . I can't afford that cost to just eliminate the value of the home so I was going to sell it to my son."

"[N]o property owner has a vested right in the continuation of a particular zoning classification." *Quality Refrigerated Servs., Inc. v. City of Spencer*, 586 N.W.2d 202, 206 (Iowa 1998). We believe an ancillary proposition is that no property owner has a right to have property rezoned to a particular zoning classification. *Cf. Keller v. City of Council Bluffs*, 66 N.W.2d 113, 119 (Iowa 1954) ("The theory of vested rights relates only to such rights as an owner of property may possess not to have his property rezoned after he has a building permit and has started his construction or improvement."). The cases cited by the Rinikers concerning a government action taking away rights of a property owner have no relevance here where the property purchased was subject to the limitations about which the owners complain.

To be zoned A-2, the proposed use of the single family dwelling must be "in accordance with the purposes and intent of the Zoning Ordinance and Comprehensive Plan." Dubuque County Code of Ordinances, § 1-15.3(a)(2)(c). The Board did not act illegally or capriciously in determining that the requested rezoning would be contrary to the intent of the zoning ordinance, which was to preserve farm land. The local legislative body's decision does not expand the criteria required of the ordinance but rather relies upon one of the criteria.

We therefore reverse the district court's ruling sustaining the writ.

**REVERSED.**