IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

AIDA PARRA, *Petitioner*,

*v.*

JULIO ARMANDO MANCILLAS GUTIERREZ,
an unmarried man; MANCILLAS ENTERPRISES, LLC, an Arizona
limited liability company, *Respondents*.

No. 1 CA-SA 25-0236

FILED 02-03-2026

Special Action from the Superior Court in Maricopa County
No. CV2022-010946
The Honorable Gregory Como, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Fraud Fighters Law, PLLC, Phoenix
By Samuel J. Doncaster
*Counsel for Petitioner*

Andersen PLLC, Scottsdale
By Marke E. Andersen, Mark W. Hawkins
*Counsel for Respondents*

## OPINION

Judge Brian Y. Furuya delivered the opinion of the Court, in which Presiding Judge Angela K. Paton and Judge Daniel J. Kiley joined. Judge Brian Y. Furuya specially concurred.

---

**F U R U Y A**, Judge:

¶1 Petitioner Aida Parra ("Parra") seeks special action review of the superior court's order compelling release of her lis pendens prior to final judgment. We accept jurisdiction and grant relief.

### FACTS AND PROCEDURAL HISTORY

¶2 Parra and Julio Armando Mancillas Gutierrez ("Mancillas") were in a romantic relationship for over twenty years. During that time, they acquired several properties titled in Mancillas' name or in the name of Mancillas Enterprises, LLC (the "LLC"). Parra alleges she and Mancillas agreed to "acquire and rent real estate as partners, and eventually use the mutual profit from their assets to retire securely." Mancillas denies this arrangement.

¶3 In August 2022, Mancillas filed a complaint against Parra seeking, in part, to quiet title to property titled in Parra's name as part of an oral agreement. He later amended this complaint to include the LLC as a plaintiff. Parra filed counterclaims alleging the parties formed a partnership "by associating to carry on as co-owners for profit[,]" and seeking a declaratory judgment as to which properties were owned by the partnership. Additionally, each party asserted a claim for assault against the other.

¶4 Parra later recorded a Notice of Lis Pendens in conjunction with her counterclaims, identifying thirty-two affected properties. In response, Mancillas filed a motion to release the lis pendens, which the court denied. Mancillas then moved for summary judgment on all of Parra's counterclaims and moved to dismiss his claims, excluding his assault claim. The court granted both motions except as to the parties' respective assault claims.

¶5 On July 31, 2025, the court postponed entry of final judgment until after trial on the assault claims but ordered Parra to "release all lis

pendens and liens" by August 22nd because it reasoned the lis pendens[1] was rendered groundless by its summary judgment rulings. The assault claims were settled two weeks later, and Parra subsequently filed an emergency request with the superior court to stay its July 31st order pending appeal or resolution of this special action. The court denied Parra's request, stating there is "no reason to allow a party to maintain a groundless lis pendens during an appeal or special action." As a result, Parra requested a stay of the court's July 31st order in this special action, which we granted.

## DISCUSSION

### I. We Accept Special Action Jurisdiction.

¶6 Special action jurisdiction "may be appropriate when no equally plain, speedy, and adequate remedy by appeal exists." *Prosise v. Kottke*, 249 Ariz. 75, 77 ¶ 10 (App. 2020) (citation modified); Ariz. R.P. Spec. Act. 2(b)(2). Specifically, jurisdiction may be warranted when a case involves "issues of first impression, cases involving purely legal questions, or issues that are likely to arise again." *Prosise*, 249 Ariz. at 77 ¶ 10 (quoting *State ex rel. Romley v. Martin*, 203 Ariz. 46, 47 ¶ 4 (App. 2002)); *see* Ariz. R.P. Spec. Act. 12(b)(3)–(4).

¶7 Jurisdiction is appropriate in this case because a final, non-appealable judgment has yet to be entered, and the court's July 31st order is interlocutory and not directly appealable. *See* Arizona Revised Statutes ("A.R.S.") § 12-2101 (providing no authorization to appeal from interlocutory order to remove lis pendens); *Sw. Gas Corp. v. Irwin ex rel. Cnty. of Cochise*, 229 Ariz. 198, 201 ¶ 8 (App. 2012). The court's order compelling immediate release of the lis pendens could prejudice Parra before a full merits appeal can be completed and a mandate issued. Thus, Parra does not have an equally plain, speedy, and adequate remedy by appeal as to the court's July 31st order. Further, the issue of whether a party has the right to maintain a lis pendens pending entry of a final, non-appealable judgment is a legal question that has not yet been addressed by

---

[1] In its July 31st order, the court alternates between using "lien" and "lis pendens" to reference the document at issue. But a lis pendens is not a lien. *See Kelly v. Perry*, 111 Ariz. 382, 385 (1975) (noting a lis pendens is "fundamentally procedural" and "simply a statutory substitute for notice of a legal proceeding which affects the title to realty"). And as Mancillas asserts, and Parra does not dispute, "there were never any liens filed, only lis pendens on [his] 32 properties." Thus, we presume the July 31st order refers to Parra's recorded lis pendens whenever it uses the term "lien."

this court and could arise in subsequent cases. Ariz. R.P. Spec. Act. 12(b)(3)–(4). We accept special action jurisdiction.

## II.     Parties Have the Right to Maintain a Lis Pendens Pending Appeal.

**¶8**         Whether and to what extent statutes authorize parties to maintain a lis pendens throughout resolution of a timely appeal process is a question of law that we review de novo. *TFLTC, LLC v. Ford*, 253 Ariz. 413, 414 ¶ 6 (2022).

**¶9**         By statute, when pending litigation affects title to real property, any party "may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action or defense." A.R.S. § 12-1191(A). That filing, called a lis pendens, "is a statement that a party is claiming an interest in real property which would affect the title." *Coventry Homes, Inc. v. Scottscom P'ship*, 155 Ariz. 215, 217 (App. 1987). "No interest is created by the filing of a lis pendens; a lis pendens merely asserts an interest in a property by providing constructive notice to lenders or prospective purchasers of a pending lawsuit that could affect the property's title." *Stauffer v. U.S. Bank Nat. Ass'n*, 233 Ariz. 22, 26 ¶ 14 (App. 2013) (citing *Santa Fe Ridge Homeowners' Ass'n v. Bartschi*, 219 Ariz. 391, 395 ¶ 11 (App. 2008) and *Coventry Homes*, 155 Ariz. at 217); *Warren v. Whitehall Income Fund 86*, 170 Ariz. 241, 243 (App. 1991) ("Constructive notice and actual notice have the same effect and when the purchaser of land has notice of a prior claim to the land, he takes it subject to that claim."). A lis pendens also protects the filing party by discouraging third-party acquisition or investment that would "prevent the court from granting suitable relief or such as would vitiate a judgment subsequently rendered in the [action][2]." *Mammoth Cave Prod. Credit Ass'n v. Gross*, 141

---

[2]         *Mammoth Cave* appears to use the terms "action" and "litigation" interchangeably. *See Mammoth Cave Prod. Credit Ass'n v. Gross*, 141 Ariz. 389, 391–92 (App. 1984). According to modern legal practice, such use appears common. *Compare, e.g., Action*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A civil or criminal judicial proceeding; esp., Lawsuit.") *with Litigation*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("The process of carrying on a lawsuit; the prosecution and determination of a legal dispute before a judicial tribunal;" "A lawsuit itself."). For the sake of consistency with the language of A.R.S. Section 12-1191, we favor use of the term "action" here. But we recognize different courts use both "litigation" and "action" to refer to a lawsuit. *See, e.g., Walden v. Hutchinson*, 987 So.2d 1109, 1121 (Ala. 2007) ("Generally, the doctrine of lis pendens commences with the filing of an action and the

Ariz. 389, 391–92 (App. 1984). Thus, to fully protect both third-party purchasers and the filing party, a lis pendens, under normal circumstances, must provide continuous notice "during pendency of the [action]" that title to the property is in dispute. *Id.* at 391.

**¶10** Though a superficial reading of A.R.S. Section 12-1191 may mislead a party to believe an action affecting title to real property terminates upon final judgment entered by the superior court, Arizona courts have held differently. Specifically, an appeal has been understood to be a continuation of an action. In the case of *Southwest Airlines Co. v. Arizona Department of Revenue*, 197 Ariz. 475, 477 ¶ 7 (App. 2000), we explained, "[i]n the common parlance of lawyers and the law, the word 'action' refers to the entire judicial process of dispute resolution, from invocation of the courts' jurisdiction to entry of a final judgment that is not subject to further appeal." As *Southwest Airlines Co.* makes clear, timely appeals are part of the entire action, and this necessarily means if a timely appeal is pursued, a lis pendens must usually be permitted to continue in effect through the end of the appeals process.

**¶11** Nevertheless, only a valid lis pendens may remain through the appeals process. A lis pendens is invalid under A.R.S. Section 33-420 if the filing party "know[s] or ha[s] reason to know that the document is . . . groundless," A.R.S. § 33-420(A), which occurs when there is no arguable basis that the underlying action affects title to real property or is not supported by credible evidence, *Evergreen W., Inc. v. Boyd*, 167 Ariz. 614, 621 (App. 1991). An action affects title to real property "if any judgment would expand, restrict, or burden a property owner's rights as bestowed by virtue of that title." *Santa Fe Ridge*, 219 Ariz. at 396 ¶ 16.

**¶12** Here, importantly, the court initially denied Mancillas' motion to release the lis pendens. In so doing, the court implicitly made a preliminary determination that Parra's claim arguably could affect title to the properties named in the lis pendens and there was at least some credible evidence to support her claim. Thus, we assume for purposes of this opinion that Parra's recording of the lis pendens was not groundless at the point of its initial recording. If the court had determined Parra's claim could not have affected title to real property or was unsupported by any credible evidence, or both, that would have been a circumstance that the superior court could have properly addressed immediately, before conclusion of the

---

contemporaneous recordation of a notice of lis pendens, and continues for the duration of the litigation until it is terminated by judgment and the expiration of any appropriate period for appeal . . . .") (citation modified).

action, under A.R.S. Section 33-420. But here, it was not until after resolving Mancillas' motion for summary judgment against Parra that the court concluded that her notice of lis pendens was rendered "groundless" by its decision on the merits. It is only the court's later finding of groundlessness—based on its decision against Parra on the merits—that we address now.

¶13 It is well-established that "even if a court might find that the action ultimately fails on its merits—the notice of lis pendens is not groundless." *Mining Inv. Grp., LLC v. Roberts*, 217 Ariz. 635, 641 ¶ 24 (App. 2008) (citation modified); *see also Evergreen*, 167 Ariz. at 621 ("A suit does not become legally groundless merely because plaintiffs fail to convince the jury of the truth of their allegations.") (citation modified). Thus, "[a] court's decision on whether the underlying action involves title to real property should not involve a decision about which party will prevail on the merits of the underlying claim." *Santa Fe Ridge*, 219 Ariz. at 395 ¶ 11. And because the issue of groundlessness should not involve consideration of the ultimate outcome of the underlying claim, a determination of groundlessness must be evaluated as of when the lis pendens was recorded, unless the recording party later withdraws the claim affecting title to real property upon which the lis pendens is predicated or that issue is finally resolved on its merits after exhausting any appeal rights.

¶14 Synthesizing these principles, we conclude that as long as the recording party asserts a claim which, if successful, could affect title to real property and is supported by some credible evidence, the party has a right to maintain a lis pendens unless: (1) that right is terminated by the party's withdrawal of the claim on which the lis pendens is predicated; or (2) the claim is resolved against the party in a final judgment that is either not timely appealed or is affirmed on appeal.

## III. The Court Erred in Finding Parra's Lis Pendens Groundless and Ordering Her to Release it Prior to Final Judgment.

¶15 We review a court's determination that a lis pendens is groundless for abuse of discretion. *Tucson Ests., Inc. v. Superior Court*, 151 Ariz. 600, 603 (App. 1986) ("The determination of whether [the] requirements [of a lis pendens] have been met . . . requires the exercise of the court's discretion."). A court abuses its discretion when it commits an error of law or enters "an order unsupported by the record[.]" *Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 259 ¶ 13 (2022) (citation modified). Where our analysis requires us to construe applicable statutes, such matters

are questions of law that we review de novo. *TFLTC, LLC*, 253 Ariz. at 414 ¶ 6.

**¶16**    The court erred in its final analysis of groundlessness under A.R.S. Section 33-420. As noted, the court initially denied Mancillas' motion to release the lis pendens. However, after granting summary judgment—but before entering a final, appealable judgment—the court ordered Parra to release her lis pendens because "there is no longer any basis for [Parra] to assert liens against [Mancillas'] real properties, and . . . [Parra's] continuing assertion of these liens is groundless." But the court's decision hinges on Parra's lack of success on the merits, rather than whether Parra's counterclaims affect title to real property or were supported by some credible evidence, which contradicts established case law. *See Santa Fe Ridge*, 219 Ariz. at 395 ¶ 11 ("In determining whether a lis pendens was wrongfully recorded, the court is limited to considering whether the action is one affecting title to real property.") (citation modified); *Mining Inv. Grp., LLC*, 217 Ariz. at 641 ¶ 24. Further, the court's order is unsupported by the record. As noted, the court previously found that Parra's lis pendens was not groundless when it denied Mancillas' motion to remove the lis pendens. Mancillas did not challenge this outcome and the record contains no indication that the court erred in its conclusion. Thus, the court abused its discretion in finding that Parra's lis pendens became groundless once it rejected her claims on the merits but before she had the opportunity to challenge the adverse ruling by appeal.

**¶17**    The court also erred by ordering Parra to prematurely release her lis pendens. Parra was ordered to release her lis pendens by August 22, 2025, at which time there was no final judgment. In the absence of a final judgment and complete exhaustion of any timely appeals on the merits, the action has not concluded and Parra's right to maintain her lis pendens during the pendency of the action has not been terminated. *See Mammoth Cave Prod. Credit Ass'n*, 141 Ariz. at 391.

**¶18**    We are not alone in so concluding. Many other jurisdictions have also determined that a lis pendens must be permitted to be maintained until completion of the entire action, including throughout an appeal. *See, e.g., Walden v. Hutchinson*, 987 So.2d 1109, 1121 (Ala. 2007); *Ashworth v. Hankins*, 408 S.W.2d 871, 873 (Ark. 1966); *Spinola v. Akaranta*, 915 S.E.2d 24, 29 (Ga. App. 2025); *Montierth v. Dorssers-Thomsen*, 539 P.3d 578, 590 (Idaho 2023); *Olson v. Leibpke*, 81 N.W. 801, 802 (Iowa 1900); *Kendall v. Crouch*, 11 S.W. 587, 588–89 (Ky. App. 1889); *Weston Builders & Devs., Inc. v. McBerry, LLC*, 891 A.2d 430, 438 (Md. App. 2006); *State ex rel. Lemley v. Reno*, 436 S.W.3d 232, 235 (Mo. App. 2013); *Kelliher v. Soundy*, 852 N.W.2d 718, 726

(Neb. 2014); *Zuni Indian Tribe v. McKinley Cnty. Bd. of Cnty. Comm'rs*, 300 P.3d 133, 139 (N.M. App. 2013); *Stuart v. Coleman*, 188 P. 1063, 1064 ¶ 4 (Okla. 1920); *Grp. Purchases, Inc. v. Lance Invs., Inc.*, 685 S.W.2d 729, 731–32 (Tex. App. 1985); *Guardado v. Taylor*, 490 P.3d 274, 282 ¶ 12 (Wash. App. 2021).

**¶19**　　Moreover, requiring otherwise runs the risk of rendering Parra's right to appeal moot. If Parra must release the lis pendens before her appeal is resolved, Mancillas could sell the properties to third parties without giving notice of the pending dispute. Such purchasers might then enjoy bona fide purchaser status and protections. *Delo v. GMAC Mortg., L.L.C.*, 232 Ariz. 133, 138 ¶ 18 (App. 2013) ("A bona fide purchaser is one who purchases property for value and without actual or constructive notice of a prior unrecorded interest."). If the properties were to be sold to such individuals, Parra's appeal of her claims to the properties could become effectively moot because a bona fide purchaser would take the property free of Parra's claims, regardless of whether she prevailed on appeal. *See Hunnicutt Constr., Inc. v. Stewart Title & Tr. of Tucson Tr. No. 3496*, 187 Ariz. 301, 306 (App. 1996) (observing that a bona fide purchaser "would *not* take subject to an unrecorded equitable interest of which there has been no notice"). Alternatively, similar concerns could arise if Mancillas encumbered the properties pending resolution of Parra's appeal rights. Thus, the court abused its discretion in directing a premature release of Parra's lis pendens.

**¶20**　　However, by so holding we do not suggest the superior court is never able to remove a lis pendens before entry of final judgment or exhaustion of appeal rights. True, neither A.R.S. Section 12-1191 nor the common law permit a court to quash a lis pendens solely by virtue of its decision against a plaintiff on the merits of her claim affecting title to real property. *See* ¶¶ 16–17 *supra.* But if a party wishes to obtain earlier relief from a lis pendens, there are two mechanisms by which the court might do so under proper circumstances: (1) via an A.R.S. Section 33-420 challenge, or (2) by application of the court's equity powers.

**¶21**　　First, if a lis pendens is truly groundless, an aggrieved owner or beneficial title holder may seek to have the court quash it. A.R.S. § 33-420(B). If that aggrieved party proves a right to relief under the statute, the court may quash it immediately upon sufficient findings establishing groundlessness or another qualifying circumstance under A.R.S. Section 33-420. *Id.* But again, a lis pendens is groundless under this statute only if there is *no* arguable basis that the underlying action affects title to real property or there is *no* credible evidence supporting the recording party's

claim upon which the lis pendens is predicated. *Evergreen*, 167 Ariz. at 621. In making this determination, the court may not rely solely on whether the party will succeed on the merits of the underlying claim, as the superior court did regarding Parra's lis pendens here. *Santa Fe Ridge*, 219 Ariz. at 395 ¶ 11. This is because "the trial court need only find 'some basis' for concluding that the action affects title to real property" for a plaintiff's lis pendens to withstand scrutiny under A.R.S. Section 33-420. *Evergreen*, 167 Ariz. at 620.

**¶22**		Second, the origins of the doctrine of lis pendens are grounded in the common law and equity jurisprudence. *Kelly v. Perry*, 111 Ariz. 382, 383–84 (1975) ("[L]ong before the enactment of any statutory regulations on the subject, the mere pendency of a suit in equity affecting the title to real property was held, both at common law and in equity, to constitute constructive notice thereof to all the world . . . ."); *see also Weston Builders & Devs., Inc.*, 891 A.2d at 433–36 (reviewing authorities explaining origins of lis pendens as equitable doctrine). Although Arizona has adopted A.R.S. Section 12-1191, this statute did not establish the doctrine, but rather "limited [its] application" by imposing statutory requirements. *Kelly*, 111 Ariz. at 383–84. The existence of the statute does not entirely abrogate the common law. *Brandt v. Scribner*, 13 Ariz. 169, 175–76 (1910) (discussing the purpose of the predecessor statute to A.R.S. § 12-1191 "was to *add* to the common-law rule") (emphasis added). Thus, where the statute is silent, the common law will govern, at least where it does not conflict with the U.S. Constitution, or constitution and laws of Arizona. *See* A.R.S. § 1-201.

**¶23**		Because the lis pendens statute has its origins in equity, *Kelly*, 111 Ariz. at 383–84, a trial court retains inherent authority to order removal of a lis pendens before final judgment or completion of appeals, provided the court finds that equitable considerations demand it, *see Tucson Ests., Inc.*, 151 Ariz. at 602. And because of the presupposition under common law that a lis pendens remains pending appeal, a party seeking to quash or amend the lis pendens before final judgment or exhaustion of appeals must expressly request such relief and has the burden of establishing circumstances sufficient to warrant an exception to the presumptive rule. Further, just as in an analysis under A.R.S. Section 33-420, a judgment on the merits of the underlying claim is insufficient, by itself, to quash a lis pendens under an equity analysis. *Santa Fe Ridge*, 219 Ariz. at 395 ¶ 11. Equity demands something more, and courts should balance the "relative benefits and burdens" of quashing or maintaining the lis pendens. *Tucson Ests., Inc.*, 151 Ariz. at 603.

¶24          Further, if the court finds the moving party has established sufficient grounds to immediately alter or quash a lis pendens under A.R.S. Section 33-420 or through its equitable powers before conclusion of an action—and the court enters an order or judgment doing so—the party who recorded the lis pendens may then seek to stay enforcement of that order or judgment. *See* Ariz. R. Civ. App. P. 7(a)(1)(A). In that event, posting of a supersedeas bond may become relevant.

¶25          Here, however, the court did not determine Parra's lis pendens to be groundless under A.R.S. § 33-420 when Mancillas filed his motion to release it. Neither did Mancillas move the court to exercise its equity powers to quash Parra's lis pendens. Nor, on this record, did he establish—as was his burden—that equity demands that Parra's lis pendens be immediately quashed or amended based upon something more than just the court's entry of judgment against Parra on the merits. Therefore, the court did not have a proper basis upon which to order Parra's lis pendens removed before entry of judgment or exhaustion of her appeal rights.

¶26          Accordingly, we hold the court abused its discretion in finding that its rejection of Parra's claims on the merits rendered her lis pendens groundless and further erred in ordering her to release her lis pendens before entry of a final, non-appealable judgment.

## CONCLUSION

¶27          We accept jurisdiction and grant relief, vacating that portion of the court's July 31st order requiring Parra to release her lis pendens. Further, we hold that the court may not require Parra to release her lis pendens until the action is terminated by entry of final judgment followed by exhaustion of her appeal rights.

**F U R U Y A**, Judge, specially concurring:

**¶28**         Mancillas has further argued that Parra should have filed for a supersedeas bond instead of filing this special action. Though the superior court has not yet required Parra to provide a supersedeas bond, Mancillas raised the matter himself, indicating that it is likely to arise on remand. Further, the issue was briefed and can be resolved as a matter of law. Therefore, I would also address this issue to provide guidance to the court on remand. *See State v. Vincent*, 159 Ariz. 418, 429 (1989) (addressing an issue likely to arise on remand); *Nayeri v. Mohave Cnty.*, 247 Ariz. 490, 494 ¶ 15 (App. 2019) ("Because this is an issue of law likely to arise on remand, we address it to provide guidance to the [trial] court."); *Buckholtz v. Buckholtz*, 246 Ariz. 126, 131 ¶ 17 (App. 2019) (same).

**¶29**         Mancillas' argument that Parra may not maintain her lis pendens during appeal because "[t]he law allow[s] [Parra] to pursue a supersedeas bond if she chose pending appeal" is not well-taken because notices of lis pendens and supersedeas bonds serve completely different functions.

**¶30**         The purpose of a supersedeas bond is to "stay[] enforcement of, or execution on, a judgment *so that an appeal may be pursued*." Ariz. R. Civ. App. P. 7(a)(1)(A) (emphasis added). But here, such a bond would serve no purpose regarding a valid lis pendens. A lis pendens is not a lien. It is not extinguished by entry of judgment on the merits, such that the judgment must be stayed from execution during an appeal to maintain it. Instead, as the majority opinion concludes, because its purpose is to provide constructive notice of disputes affecting title, the right to maintain a valid lis pendens continues until a final, non-appealable judgment is entered, which cannot occur until after either (1) a final judgment is entered from which no party timely appeals, or (2) all appellate rights are exhausted. *See Mammoth Cave Prod. Credit Ass'n*, 141 Ariz. at 391; *cf. Sw. Airlines Co.*, 197 Ariz. at 477 ¶ 7 (observing that an "action" commonly is understood to refer to "the entire judicial process of dispute resolution, from invocation of the courts' jurisdiction to entry of a final judgment that is not subject to further appeal"). Thus, because the purpose of a supersedeas bond is to prevent enforcement of a judgment during the appeals process, but a litigant, under usual circumstances, has the right to maintain a valid lis pendens throughout pendency of the action—including appeal—a supersedeas bond is inapplicable here.

**¶31**         This principle finds further support in the common law. A.R.S. Section 12-1191 does not contain any language regarding provision

of security to maintain a lis pendens, so one must turn to the common law to understand how the doctrine intersects with such concerns. *See* A.R.S. § 1-201 (adopting common law). As the majority opinion explains, it is well-established at common law that a party has the right to maintain a valid lis pendens until the end of the appeals process, and there is no requirement for security. *See Weston Builders & Devs., Inc.*, 891 A.2d at 437–40 (citing several cases that conclude a lis pendens remains in place during a pending action). Thus, under common law, a party generally can maintain a lis pendens without the imposition of posting a supersedeas bond during appeal. Insofar as Mancillas argues that Parra should be compelled to post a supersedeas bond as a prerequisite to maintain her lis pendens until exhaustion of her appeal rights, neither Arizona's statute authorizing filing of a lis pendens nor the common law appear to authorize such an imposition by virtue of the court's entry of judgment against her on the merits of her claim affecting title to real property. *See* A.R.S. § 12-1191. Thus, in my view, neither the court nor Mancillas have grounds upon which to require Parra to post a supersedeas bond to maintain her lis pendens until conclusion of the action, including until any timely appeals process is completed.

¶32      Mancillas suggests that without requiring Parra to post a supersedeas bond to maintain her lis pendens during appeal, his ability to dispose of or encumber his property will be stymied by the ongoing litigation, a cost that he would unfairly be compelled to bear. This argument suggests a concern that unsuccessful litigants may impose undue burdens on property owners through an appeal process. But concluding that a supersedeas bond is not generally a requirement to maintain a lis pendens during pendency of an action does not mean the court is wholly without authority to provide relief where and when such would be appropriate. As the majority opinion explains, where a lis pendens is groundless, *see* A.R.S. § 33-420(B) and *Evergreen*, 167 Ariz. at 621, or when equity demands it, *see Tucson Ests., Inc.*, 151 Ariz. at 602, the court may order a lis pendens released or modified, and it may do so before entry of a final judgment or exhaustion of appeal rights. *See* ¶¶ 20–24 *supra*. And as the majority opinion also acknowledges, if the court does so, the recording party—now aggrieved by the immediate loss of her lis pendens before conclusion of her action—may seek a stay of enforcement of that order or judgment, *see* Ariz. R. Civ. App. P. 7(a)(1)(A), thereby implicating a potential need to address security.

¶33      But here, because requiring a supersedeas bond is no substitute for a lis pendens and is not contemplated by A.R.S. Section 12-1191 or the common law, I would additionally hold that a supersedeas bond cannot be required either to replace Parra's lis pendens or to maintain

her lis pendens during prosecution of an appeal. Instead, a requirement to post a supersedeas bond would only become applicable if Mancillas first requests—and then carries his burden of separately proving entitlement to—an order quashing the lis pendens under A.R.S. Section 33-420 or principles of equity. And, again, such a request cannot be established solely by the court's decision against Parra on the merits of her claim.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR